## NORTHERN OHIO DRY CLEANERS, INC. v GIVNER

Ohio Appeals, 9th Dist, Lorain Co.

No. 919. Decided May 29, 1939.

E H. Davidson, Lorain, for appellee.
Frank K. Levin, Cleveland, for appellant.

**OPINION**

By DOYLE, J.

This case was commenced in the Municipal Court of the City of Lorain. It was an action founded upon an account, pleaded in the short form, under authority of §11334 GC. A judgment was there rendered in favor of the defendant. The plaintiff, pursuant to the judgment entry and within the statutory period of limitation, filed a "notice of appeal" in the Municipal Court, and stated therein "said appeal shall be based on questions of law and of law and fact." An appeal bond was likewise filed in the cause in compliance with the statute.

In due time the transcript of the record of the Municipal Court was filed in the Court of Common Pleas of Lorain County. Simultaneous with such filing, a petition was filed setting forth the same cause of action as did the one in the Municipal Court. Issues were joined in the Court of Common Pleas by an answer and a reply. A jury trial was then held, de novo, which terminated with a verdict in favor of the plaintiff, and a judgment was entered thereon. The appellant, the defendant below, has now appealed to this court on questions of law.

The first assignment of error is directed to the claimed unlawful appeal from the Municipal Court of Lorain to the Court of Common Pleas. It is claimed that actions at law cannot be heard de novo in the Court of Common Pleas on appeal from the said Municipal Court.

In the case of **Woodward v Hafely, 20 Abs 256,** this court had before it the identical question raised in the instant case. This court then held that such an appeal could be taken, and that the appellant was entitled to a hearing and determination of the facts de novo. The cause was heard prior to the enactment of the new Appellate Procedure Act.

A re-examination of the law convinces this court of the correctness of its former ruling.

**Art. IV, Par. 4, of the Ohio Constitution,** provides that:

"The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law."

**Sec. 11215 GC,** provides:

"The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace; and appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases **subject to the regulations provided by law.**" (Emphasis ours).

The Municipal Court of Lorain was created by §1579-601 GC. Subsequent sections of the Code confer upon it certain powers. There is no specific provision in the act for an appeal de novo to any superior court, although §1579-623 GC provides:

"Proceedings in error may be taken to the common pleas court of Lorain county from a final judgment or order of the municipal court in the same manner and under the same conditions as provided by law for proceedings in error from the common pleas court to the court of appeals."

An analysis of §11215 GC, supra, requires the conclusion that, pursuant to the power granted in the constitution, the legislature granted jurisdiction upon the Court of Common Pleas to hear, de novo, appeals from inferior courts. The statute is old and enacted many years before the recent "appellate act" became effective in 1936, and when the word "appellate" was used in the statute (§11215 GC), the legislature used the word in the sense of a power to retry the cause in the appellate court—a trial de novo. Prior to the enactment of the recent Appellate Procedure Act, the word "appeal" had a distinct meaning and meant an entirely different type of trial than a "proceeding in error". At the present time, the procedural method of perfecting the review of a case is the same in all instances, and whether a reviewing court is empowered to hear a cause de novo or review the record only of the inferior court for error, the word "appeal" is used to designate the procedure in both. In the one instance it is designated "appeal on questions of law and fact" and in the other "appeal on questions of law".

Lawyers and some Courts of Common Pleas have urged, in view of the fact that there is "no inherent right of appeal", that before an appeal can be prosecuted, provision therefore must be made by statute; and that "while under the terms of §11215 GC, the Common Pleas Court has appellate jurisdiction, to invoke that jurisdiction the statute must give the right and provide the method."

It is true that until the new Appellate Procedure Act was passed there was no method established by statute for the procedure invoking such jurisdiction. However, the legislature, by the enactment of §12223-1 et seq. GC, provided the procedure for appeals from the various Municipal Courts of the state to the Court of Common Pleas "unless otherwise provided by law." The Supreme Court of this state has decided that "Municipal court acts which prescribe a method of appeal on questions of law and fact to the Court of Common Pleas are exempt in such particular from the operation of the New Appellate Procedure Act (§12223-1 et seq. GC)." Saslaw v Weiss, 133 Oh St 496. It follows that if the Muncipal Court Act does not contain provisions regulating the method of appeal, then and in that event the general law applies.

Several courts have spoken on the question raised in the instant case prior to the enactment of §12223-1 et seq. GC, one of which was this court in Woodward v Hafely, supra. We there determined that, in view of the constitutional provision, Art. IV, ¶4, supra, and §11215 GC, supra, the Common Pleas Court had jurisdiction to hear, de novo, cases brought from an inferior court. We concluded that the Code sections pertaining to appeals from justice of the peace courts to the Courts of Common Pleas applied by analogy to the Municipal Court of Lorain City; we felt authorized to do so by the reasoning adopted by the Supreme Court in Commonwealth Oil Co. v Turk, 118 Oh St 273.

Recapitulating the foregoing this court determines:

1. Sec. 11215 GC, provides for appellate jurisdiction in the Court of Common Pleas from the Municipal Court of Lorain for a trial de novo of actions at law.

2. Sec. 12223-1 et seq, provides the methods of invoking such jurisdiction.

3. The sections of the statute pertaining to the justice of the peace courts by analogy provided the method of invoking the jurisdiction of the Common Pleas Court even before the passage of the new Appellate Procedure Act.

See—

Pullman Co. v Automobile Ins. Co., 107 Oh St 283.

Hess v Devou, 112 Oh St 1.

Commonwealth Oil Co. v Turk, supra.

Weber v Eppstein, 34 Oh Ap 10.

W. J. Donnelly Co. v Fidelity & Cas. Co., 23 Oh Ap 370.

Bealer v Haak, 36 O. L. R. 403.

Woodward v Hafely, supra.

Another error claimed relates to the proof of the account which was introduced and admitted in evidence.

In the proof of an account, the party is not limited to the introdution of a book containing the ac- ▓ count, but he may prove the items of an account by any competent evidence, and in this case we find no prejudicial error in the rulings of the court in reference to the evidence received in proof thereof.

We have examined the other claimed errors and find none prejudicial to the rights of the defendant.

The judgment is affirmed.

WASHBURN, PJ. & STEVENS, J, concur.