*390 OPINION
By STEVENS, J.
In the Municipal Court of Lorain, Ohio, defendant, Parsley, filed an independent action to vacate a judgment of that court and permit him to file an answer therein, which judgment had been entered by default in another action more than three years before the filing of this action to vacate.
The instant action to vacate was not predicated upon any of the ■grounds enumerated in §11631 GC, but upon the claim that the Municipal Court was without jurisdiction to enter by default the judgment previously entered, for the reason that no service was had upon defendant, nor did he enter his appearance. It was accordingly claimed that, at the time of the entry of the default judgment, the Municipal Court was lacking in jurisdiction over the person of the defendant.
The Municipal Court, upon the evidence adduced, vacated and set aside the judgment theretofore entered by default, and allowed the original action to remain as a pending case in that •court.
Plaintiff then appealed to the ■Court of Common Pleas of Lorain county by filing a' bond, as provided for in the chapter governing appeals from justice of the peace courts to the Court of Common Pleas (§§10382 to 10398, inc., GC).
The transcript of docket and journal entries prepared by the Municipal Court of Lorain indicates that on February 24, 1940, notice of appeal was filed by attorneys for the plaintiff, but the transcript furnished to this court contains no such notice of appeal. We accordingly assume that no attempt was made by the appellant to perfect an appeal under the provisions of the New Appellate Procedure act (§12223-1 GC et seq.).
A motion to dismiss the appeal on questions of law and fact was filed in the Court of Common Pleas, heard and sustained, and the appeal was retained in that court as one on questions of law.
Upon submission of that appeal, the Court of Common Pleas affirmed the judgment of the Municipal Court. Appeal on questions of law brings the cause into this court.
It has been uniformly held in this state that the remedy provided by §11631 GC, relating to the vacation of judgments after term, is a cumulative, and not an exclusive, remedy.
Darst v Phillips, 41 Oh St 514.
Kinsman National Bank v Jerko, et al., 25 N. P. (N. S.) 445.
The instant case presents a situation where, upon a ground other than those enumerated in §11631 GC, a vacation of a judgment after term is sought, the ground specified being, in effect, that the judgment is void because entered without service, actual or constructive, upon the defendant.
The limitations set out in §11640 GC, have no application to the present action, because it is not based upon any of the grounds enumerated in §11631 or §11640 GC.
*391 It is urged by appellant that the Court of Common Pleas erred in sustaining appellee’s motion to dismiss appellant’s appeal on questions of law and fact.
In Woodward v Hafely, 20 Abs 256, this court, speaking through Washburn, J., stated:
“* * * the law with reference to appeals from justice of the peace \ courts applies to the procedure in ^¡perfecting such appeal” (appeals /from the Municipal Court of Lor{•ain to the Court of Common Pleas •of Lorain county).
That case was approved and followed by this court in Northern Ohio Dry Cleaners v Givner, 32 Abs 362.
Sec. 10382 GC, provides:
“In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of a justice of the peace, •to the Court of Common Pleas of the county where the ' judgment was rendered.” (Emphasis ours.)
A final judgment has been defined as “one which determines and disposes of the whole merits of the cause before the court * * *, reserving no further questions or directions for future determination.”
Teaff v Hewitt, 1 Oh St 511, at p. 520.
The judgment of the Municipal Court which the Court of Common Pleas had before it was not a final judgment within the above definition.
Art. IV, §4, of the Ohio Constitution, provides that:
“The jurisdicton of the courts of common pleas, and of the judges thereof shall be fixed by law.”
Sec. 11215 GC, provides:
“The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace; and appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil eases, subject to the regulations provided by law.” (Emphasis ours.)
Sec. 1579-616 GC provides:
“Power to set- aside verdict. In-all cases the municipal court [of Lorain] shall have the same authority to set aside a verdict or a judgment, as is now, or may hereafter be, conferred upon courts of common pleas.” (Emphasis ours.)
“A proceeding by petition in the court of common pleas to - vacate a judgment rendered by that court at a former term and to reinstate the case on the docket for trial is-not a civil action, but a special proceeding in an action on the judgment, and not reviewable on appeal” — that is, an appeal for trial de novo.
2 O. Jur., Appeal and Error, §66, p. 101.
“A special proceeding in an action after judgment, such as a proceeding to vacate a judgment rendered at a former term, is not within the meaning of the term ‘civil action.’ ”
2 O. Jur., Appeal and Error, §64,. p. 100.
In view of the foregoing, the appeal from the Municipal Court of Lorain to the Court of Common Pleas of Lorain county, having been. *392 neither from a final judgment of the Municipal Court of Lorain nor from a final judgment in a civil case, there was no authority in the Court of Common Pleas to entertain the appeal on questions of law and fact.
However, an order vacating or ■setting aside a judgment at a term .subsequent to that in which the .judgment was rendered, is generally held to be a final order for the purposes of an appeal on questions of law.
Huntington & McIntyre v Finch & Co., 3 Oh St 445.
Braden v Hoffman, 46 Oh St 639.
Makranczy v Gelfand, Admr., 109 Oh St 325.
Sec. 12223-23 GC provides:
“A judgment rendered or final •order made by a justice of ' the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the common pleas court upon an appeal •on questions of law.”
Sec. 12223-22 GC, provides:
“Appeals on questions of law and ■fact may be taken:
“(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the .appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.”
The Court of Common Pleas, while not having authority to entertain the appeal on questions of law and fact, for the reasons hereinabove indicated, did, under §12223-22 (2) GC, supra, have jurisdiction to retain the appeal as one on questions of law.
We find no- error prejudicial to the substantial rights of the appellant in any of the respects concerning which complaint is made.
The judgment of the Court of Common Pleas is affirmed. Judgment affirmed.
WASHBURN, PJ., & DOYLE, J„ concur.