506

### SAPERSTON, et, Plaintiffs-Appellees, v RAE-COLUMBUS, INC., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4090.  Decided March 4, 1948.

O. C. Ingalls, Columbus, for plaintiffs-appellees.

Adams, Rapp & McCann, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Court of Common Pleas affirming a judgment of the Municipal Court of Columbus, Ohio. The action was one on account for attorney's fees for services alleged to have been rendered by the plaintiffs on behalf of the defendant. A copy of the alleged account is attached to the petition and marked "Plaintiffs' Exhibit A". This exhibit has at the top thereof "Rae-Columbus, Inc.", thereby indicating that the defendant was the debtor on the account. During the course of the trial the plaintiffs offered in evidence their book of original entries, which was identified as "Plaintiffs' Exhibit 32", and the same was admitted. This account consisted of numerous pages and at the top of each page was the following: "Heinz & Munschauer—New Management Account starting July 15, 1943". The plaintiffs offered evidence to the effect that the contract of employment was entered into with officers and agents of the defendant, which was an Ohio corporation, and that the services in fact were rendered for the defendant company.

The record discloses that Heinz & Munschauer was a defunct New York corporation in bankruptcy, which had acquired a large tax loss for income tax purposes. The stockholders of the defendant company entered into a contract to acquire control of Heinz & Munschauer with the idea of subletting war contracts held by Rae-Columbus, Inc., to Heinz & Munschauer and thereby taking advantage of the large tax losses it had acquired. Upon the completion of the transfer of the control of the stock new officers and management were placed in control of Heinz & Munschauer Company, it never having lost its corporate identity. The plaintiffs are contending that the services which are the basis of this action were performed in fact for the Rae-Columbus Company at its special instance and request; that Heinz & Munschauer had no assets and that it was not entitled to credit; therefore, none was ever extended to it. The appellant is contending that the admission in evidence of Plaintiff's Exhibit No. 32, which is a book of original entries, was prejudicial error as the account shows on its face that credit was never extended to this defendant, and that parol evidence cannot cure this defect by showing that its books were not correct or to explain that the heading "Heinz & Munschauer—New Management Account starting July 15, 1943" meant as a matter of fact the defendant. We think that the appellant is correct in its contention and that Plaintiff's Exhibit No. 32 should not have been admitted in evidence, because defendant could not under the management agreement and the facts appear-

ing have been the debtor named as "New Management" in the book account.

In **17 O. Jur. page 679,** it is said

"Principle forbids the admission in evidence of any statements of the party offered to add to, explain, or take away from any item on the face of the account; the proponent is allowed to prove the foundation for the introduction of the account, and when he has done that the account may be introduced as evidence, but it must speak for itself. No one can be allowed to speak for it."

These legal principles are well settled in the case of Richardson v Wingate, 1 O. Dec. (Repr.) 478, 10 Western Law Journal, 145. It is here said:

"Now what is a book account? In the first place, it must be kept in a book. A talley, or a board, or a slate, or loose sheets of paper, is not a book account. Also, it must be an account—that is, a formal statement in detail of the transactions between two named parties, made cotemporaneously with the transactions themselves. A list of charges and credits, without showing on its face against whom and in whose favor they are made, is not a book account—and the definition fails if the entries are not original—made at the time the transactions took place, or immediately after. It is this thing—this book account, which our law allows to be substantiated by the oath of the party who kept it. The account is as material and important part of the testimony as the evidence of the party verifying. The account itself must contain upon its face everything necessary to charge the party who kept it, by his own oath, to supply the proof that it is in truth and in fact what it purports to be. It is for the express purpose of supporting the statements of the account that the party is allowed to be called.

"The policy of the law, from the necessity of the case, allows the statements of a party, made under the circumstances which constitute them a book account, to be given in evidence. It is left to the party to prove by his own oath, only, the circumstances under which the statements, as they appear upon the book, were made. If they are such as to constitute the account as offered, a book account, then he must recover according to the terms of the account, or not at all. The ground of the admission of this evidence is the necessity of the case, and its credibility is based upon the supposition that statements made, although by the party himself, at a time when he was under no special temptation to falsify, will be

true. Hence the charges must be cotemporaneous with the transactions which they describe. This principle, of course, rigidly and properly excludes statements of a party made at a subsequent time, and forbids any statements of a party offered as testimony, which add to, explain, or take away anything from the face of the account. He is allowed to prove the foundation for the introduction of the account. When he has done that, the account may be introduced as evidence, but must speak for itself. If it can not do that, it is not an account—at least, no one can be allowed to speak for it.

"In the case before us, the account offered in defense was not an account between the defendants below and the firm of Wingate & Snyder. It was an account against C. W. Snyder. It is true that the account in the original book appeared at one time to have been with Wingate & Snyder, and their names erased. But when that erasure took place, whether before any entries were made or after, can not be inferred from the face of the paper. For all that appears, the account might always, from the beginning, since it was an account, have stood against Snyder alone. At any rate, when offered, it was not an account against the plaintiff, but against an entirely different person. One of the defendants was called to prove that the account was wrongly charged against that person, and ought to be against the plaintiffs. He was called to prove, not that his account was just, and true, and valid, as stated, but that it was just the reverse, and asking the additional privilege, on the trial, of correcting it, to make it fit the case, and to recover upon it as corrected. This certainly is in direct opposition to the letter of the law, which allows a party to verify, not contradict, his book account, and as completely violates its spirit."

Since the original account was not admissible in evidence there was no competent evidence supporting any of the material allegations of the petition. The judgment is therefore contrary to law. The cause is ordered remanded and that judgment be rendered for the defendant.

WISEMAN, PJ, and HORNBECK, J, concur.

### APPLICATION FOR REHEARING.

No. 4090. Decided March 29, 1948.

O. C. Ingalls, Columbus, for plaintiffs-appellees.
Adams, Rapp & McCann, Rapp of Counsel, Columbus, for defendant-appellant.

510

By THE COURT.

This is an application for a rehearing in which our attention is called to §12102-23 GC. This section liberalizes the admission in evidence of a record of an act, condition or event, but it does not go so far as to say that the plaintiff can disprove his own book account by offering parol evidence to show that the debtor thereon is one different from the one named in the account. The account must speak for itself and no one can be allowed to speak for it. 17 O. Jur. p. 679. The plaintiff cites the case of **Northern Ohio Dry Cleaners, Inc., v Givner, 32 Abs 362,** but we find nothing in this case that is in conflict with the rule of law announced supra.

The application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.