Zimmerman, J.
 

 It appears from the bill of exceptions that Rae-Columbus, Inc., had in prospect the receipt of a government contract for the manufacture of some 10 million metal brackets at a price of $223,000. In order to profit to a larger extent from such transaction, defendant was desirous of finding a manufacturing plant having a so-called “large [operating] loss carry-over” to which defendant could subcontract the bracket order and by doing so offset the earnings on the contract against the loss carry-over, thus accomplishing a considerable savings in federal taxes.
 

 Such an industrial plant was that of Heinz & Munsehauer, at Buffalo, New York. Negotiations were-entered into, followed in July 1943 by the execution of' a “Purchase Agreement,” a “Management Agreement” and a “Supplemental Purchase Agreement.”' The parties to all these agreements were “Heinz & Munschauer, a New York corporation, with its princi
 
 *14
 
 pal place of business in.the city of Buffalo, New York; party of the first part, hereinafter called company; Joseph Horchow, of the city of Columbus, Ohio, party of the second part, hereinafter called stockholder; G. R. Stinchcomb [president of Rae-Columbus, Inc.], of the city of Columbus, Ohio, party of the third part, hereinafter called manager; and Rae-Columbus, Inc., an Ohio corporation with its principal place of business at Columbus, Ohio, party of the fourth part, hereinafter called contractor. ’ ’
 

 As matters finally turned out, the bracket contract did not materialize and subsequently Heinz & Munschauer was turned back to Horchow, an industrial broker, who had originally effected a settlement with its creditors in bankruptcy and had purchased the capital stock of the corporation from the owners.
 

 Plaintiffs contend that the evidence clearly shows they were engaged directly by defendant to look after and protect its interests in connection with its utilization of the Heinz & Munschauer plant, and that they performed varied and extensive services for the defendant in those respects, in accordance with the statements contained in the account submitted.
 

 As nearly as we can understand it, defendant takes the position that all plaintiffs’ services were rendered to Heinz & Munschauer; that such fact is conclusively established by the original ledger sheets of the account headed “Heinz & Munschauer — New Management starting 7/15/43,” from which exhibit A was taken; that such account was inadmissible in evidence against defendant; that testimony could not be offered to explain the heading on the account; that, the account being inadmissible, plaintiffs were precluded from introducing evidence that the services rendered were actually for the defendant and charges were made against it; and that without the benefit of
 
 *15
 
 the inadmissible account there was not enough evidence to support plaintiffs’ case.
 

 We experience difficulty in following defendant’s line of reasoning. The petition was good, especially in the absence of motion or demurrer.
 
 Union Properties, Inc.,
 
 v.
 
 McHenry,
 
 142 Ohio St., 136, 50 N. E. (2d), 315. Two of the plaintiffs, Wiltse and Alfred Saperston, appeared at the trial; testified positively and unequivocally that services were rendered by them expressly for the defendant at its request and that charges were made against the defendant; explained, in connection with the account and independently of it as well, the nature and character of the services performed ; and asserted that the account offered and received in evidence constituted a true record of work done on defendant’s behalf.
 

 Both Wiltse and Saperston insisted that the services rendered the defendant were in fact worth considerably in excess of the amount sued for. Moreover, they -were cross-examined at length as to various items in the account and on other subjects as well.
 

 In addition to the testimony of the witnesses mentioned, a number of letters from defendant’s attorneys were offered and- received in evidence, without objection, disclosing direct dealings between plaintiffs and defendant and referring to services performed and to be performed by plaintiffs in the interests of and for the benefit of defendant.
 

 Prom an examination of the authorities, we are convinced that Wiltse and Saperston, who asserted they had personally performed the services for the defendant, could properly testify, as to facts within their individual knowledge, to make a case against defendant. 32 Corpus Juris Secundum, “Evidence,” 721, Section 792; 20 American Jurisprudence, 894, Section 1051. It was also permissible for them to testify that.
 
 *16
 
 the words, “New Management,” heading the account, referred to and comprehended the defendant. 20 American Jurisprudence, 969, Section 1106.
 

 We believe the authorities sustain the following propositions:
 

 1. The name under which an account is carried is not conclusive as to identity of the real debtor.
 

 2. Parol evidence is admissible to explain the listing of an account in a name other than the debtor’s, where a direct relationship is shown to have existed between the creditor and the one sought to be charged with respect to the transactions covered by the account.
 

 3. Where such relationship is established and it is further made to appear that the person sued is the actual debtor, the account is admissible in evidence against him.
 

 Section 11334, General Code, authorizes and approves a short form of pleading in specified cases, including an action founded upon an account, but does not prescribe the method or manner in which a case may be proved.
 

 This court has examined the record carefully. In our opinion the case was fairly tried in the Municipal Court without the intervention of reversible error. The matter presented was largely one of fact and competent evidence was introduced to sustain the judgments in plaintiffs’ favor.
 

 Therefore, the judgment of the Court of Appeals is reversed and those of the Municipal Court and Court of Common Pleas are affirmed.
 

 Judgment reversed.
 

 Hart, Stewart and Taft, JJ., concur.
 

 Turner, J., dissents.
 

 Matthias, J., not participating.