AMERICAN SECURITY SERVICE, INC., APPELLANT, *v.* BAUMANN, APPELLEE.

(No. 72AP-18—Decided June 13, 1972.)

*Mr. David L. Durschnitt* and *Mr. Victor Krupman,* for appellant.

*Mr. William J. Abraham* and *Mr. Robert M. Sanders,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

Plaintiff filed its petition utilizing a short form pleading on an account to which was attached an exhibit consisting of an invoice. Defendant filed a general denial.

On the day of trial, plaintiff was granted a leave to amend its complaint by substituting an ''amended Exhibit A'' to the petition which amended exhibit set forth a running account.

Defendant at that time filed an amended answer (1) denying that Exhibit A constituted a copy of an account ''in that same is not a copy of original account,'' (2) denying that an actual account as such exists between the parties, (3) denying that any money is due and owing from defendant to plaintiff and alleging that the amount claimed is unreasonable, (4) generally denying all other allegations in the complaint, and (5) alleging that the complaint does not state a cause of action upon which relief may be granted.

At trial, evidence was adduced indicating that defendant employed plaintiff ''to follow her husband and gain what information we could upon his activities'' for the period of approximately October 23 to December 31 of 1969 and that the charges were ''$6 an hour per man, and 20 cents per mile per car, plus any expenses which might be incurred upon the investigation.'' Testimony was also adduced that ''the total amount of the bill'' that defendant incurred with plaintiff was $8,440.36, of which defendant had paid $4,300.

Plaintiff also offered an Exhibit 1 which was identical to the ''amended Exhibit A'' attached to the petition, that was refused admission into evidence by the trial court as was certain oral testimony concerning the alleged account.

At the conclusion of the plaintiff's case, defendant made a motion to dismiss which was sustained by the trial

court for failure of plaintiff to prove the account. Plaintiff appeals designating three assignments of error:

"1. The Court of Common Pleas erred, prejudicial to the plaintiff, in sustaining defendant's objection to the admission of amended Exhibit 'A' to the petition into evidence.

"2. The Court of Common Pleas erred, prejudicial to the plaintiff, in sustaining defendant's objection to the testimony of Mr. Harvie Howson regarding the work and services his corporation provided the defendant as set out in the ledger, amended Exhibit 'A' to the petition.

"3. The Court of Common Pleas erred, prejudicial to the plaintiff, by ruling against the manifest weight of the evidence."

By its first assignment of error, plaintiff contends that the trial court erred in refusing to admit the exhibit (labeled both Exhibit A and Exhibit 1) into evidence. Former R. C. 2309.31 and 2309.32, as well as the present Civil Rule 10 (D), require that when an action is founded on an account "a copy thereof must be attached to the pleading." In *Brown* v. *Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App. 2d 123, Judge Troop stated at page 125, in referring to R. C. 2309.32:

"The statute is clear. In an action on an account the party must set forth the 'copy of the account.' "

At page 126, Judge Troop set forth the nature of the account required to be attached to the pleading, in the following language:

"An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due."

An examination of the offered exhibit indicates that it meets the requirements set forth by Judge Troop in *Brown*.

However, testimony indicated that the exhibit had been prepared shortly before trial. Plaintiff relies upon *Black* v. *Chesser* (1861), 12 Ohio St. 621 in support of its position. In that case, it is stated at page 622:

"1. To constitute 'an account' within the meaning of section 122 of the code, it is not necessary that the items be entered in an account book, provided they are such as usually form the subject of book account.

"2. In an action upon an account, it is a sufficient giving 'a copy of the account,' under that section of the code, for the plaintiff, without having previously made any entries in an account book, to set down in writing in the form of an account, the items thereof, and file it with his petition."

Plaintiff is correct in relying on that case for authority that amended Exhibit A attached to the petition as a "copy of the account" was sufficient for that purpose and that an action for an account may be maintained even though the items have not been entered in an account book. However, the *Black* case and R. C. 2309.31 and 2309.32 and Civil Rule 10(D) provide a rule of pleading and not a rule of evidence. As stated in the first syllabus of *Saperston* v. *Rae-Columbus, Inc.* (1949), 151 Ohio St. 11:

"1. Section 11334, General Code, authorizes and approves a short form of pleading in an action founded upon an account, but does not prescribe the method of manner in which a case may be proved." (G. C. 11334 was later recodified as R. C. 2309.32.)

Although short form pleading is permissible in an action on an account, the admissibility of evidence in an action on an account is determined by the ordinary rules of evidence. Obviously, the offered exhibit constitutes hearsay and is admissible in evidence only if it falls within one of the exceptions to the rule precluding the admission of hearsay into evidence.

In an action on an account, the "account book," "ledger" or other record offered to prove the account is admissible only if it falls within the business records exception to the hearsay rule. This exception to the hearsay rule is codified as R. C. 2317.40, which reads as follows:

"As used in this section 'business' includes every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not.

"A record of an act, condition, or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission.

"This section shall be so interpreted and construed as to effectuate its general purpose to make the law of this state uniform with those states which enact similar legislation."

To be admissible, the record must have been "made in the regular course of business, at or near the time of the act." Here, the offered exhibit was prepared shortly before trial and was not prepared in the ordinary course of business. The trial court did not err in refusing to admit the exhibit into evidence. The first assignment of error is not well taken.

By its second assignment of error, plaintiff contends that the trial court erred in refusing to admit oral testimony regarding the work and services performed by it for defendant. In that regard, we note the following in the record:

"Mr. Krupman: The purpose of the testimony is to testify as to the working services that the American Securities, Inc., performed * * *.

"The Court: That's deviation entirely from your cause of action. * * *

"The Court: The action on an account is an action on an account so recognized by the rules of the Supreme Court and by statute. It's a statutory action.

"Mr. Krupman: Then the Court rules that I cannot put on testimony by the corporate officer regarding matters to be put on this ledger?

"The Court: That's going to be the Court's ruling, and I am going to sustain the objection."

Account is defined in 1 American Jurisprudence 2d 371, Accounts and Accounting, Section 1 as follows:

" 'Account' is a word of ordinary and common acceptance in legal terminology and may be defined as an unsettled claim or demand by one person against another, based upon a transaction creating a debtor and creditor relation between the parties which is usually but not necessarily represented by an ex parte record kept by one or both of them. In this broader sense the term does not include tort claims, and need not be evidenced by any written obligation or record. In a narrower sense, the term 'account' may be used to indicate the written statement or record of dealings showing debits or credits existing between two or more persons. An account is a chose in action, and according to modern authorities is the subject of conversion."

In 1 American Jurisprudence 2d 372, Accounts and Accounting, Section 3, it is stated:

"There is slight difference between an open account and a book account, which may be defined generally as an account based upon transactions creating a debtor and creditor relation, evidenced by entries made and kept in a 'book' regularly kept and used for that purpose. A book account must be written in a book but a mutual, open, current account need not be kept in writing."

As stated in *Black* v. *Chesser, supra,* it is not necessary as a requisite to an action on an account that the items constituting the account be entered in an account book so long as they are such as usually form the subject of book account. An examination of the record indicates that the trial court limited plaintiff to proving a book account.

An action upon an account is founded in contract. It exists to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action. Rather, the cause of action exists only as to the balance that may be due one of the parties as a result of the series of transactions.

As indicated above, the provisions for an action on

an account constitute rules of pleading, rather than rules of evidence. As stated by Judge Troop in *Brown, supra* at 126:

"* * * A copy of a ledger account attached to a short form petition, and made a part thereof, will generally provide the account required by Section 2309.32, Revised Code. It has the virtue of setting what the plaintiff expects to prove at the time of trial in an arrangement permitting attack upon individual items. It supports the inferences permissible under the short form pleading, such as completion of a contract, consideration, delivery, and that the accounting process has included the completed transaction in the calculation of its ultimate statements and, therefore, a demand for payment is proper."

Furthermore, the first paragraph of the syllabus of *Dykeman* v. *Johnson* (1910), 83 Ohio St. 126, states:

"Where in an action on an account to recover for services rendered, the petition of plaintiff is in the short form authorized by Section 5086, Revised Statutes, such petition must be construed to contain and by implication allege, all those facts which it would otherwise be necessary to specifically aver in the statement of a sufficient cause of action, and every fact thus averred by implication is traversed and put in issue by the general denial."

Furthermore, as stated in *Saperston, supra,* the statutes and the civil rules permitting short form pleading do not "prescribe the method or manner in which a case may be proved." In *Northern Ohio Dry Cleaners* v. *Givner* (1939), 32 Ohio Law Abs. 362, it is stated at page 365:

"In the proof of an account, the party is not limited to the introduction of a book containing the account, but he may prove the items of an account by any competent evidence * * *."

This is the necessary conclusion from *Black, supra,* which holds that it is unnecessary that an account book be in existence in order to maintain an action on an account. Under such circumstances, obviously, evidence other than an account book must be presented in order to prove the account.

Inasmuch as an action on an account is founded upon

contract, express or implied, any competent evidence is necessarily admissible to prove the existence of the contract, its consideration, the furnishing of the services or goods, the consideration therefor, any payments made, and the balance due. The offering of oral testimony to prove an account, in the absence of the existence of a book account or other records, does not constitute a deviation from the action pleaded. As stated in 1 Corpus Juris Secundum 606, Account, Action On, Section 16:

"Although books of account are usually admitted in evidence to prove an account, and, when properly proved, are prima facie evidence sufficient to establish the account, it is nevertheless permissible to prove the account by evidence other than the books. Where, however, the books are not produced the account must be established by direct and positive testimony, although it has been held that a verdict for plaintiff is warranted if the evidence reasonably satisfies the jury of the existence of the facts constituting the alleged indebtedness. * * *"

Here, defendant put in issue all of the essential elements surrounding the existence of the account and the right of plaintiff to recover thereon. Accordingly, it was necessary for plaintiff to offer evidence to prove all the essential elements of the account. Evidence was adduced to indicate the existence of a contract for the rendering of the services and the agreed rate to be paid therefor. It was, therefore, further incumbent upon plaintiff to offer evidence to prove the rendition of the services, the necessity of incurring the expenses, and the reasonableness thereof. Any competent evidence is admissible to prove these issues.

Defendant's records, including book accounts, ledgers, and other records tending to prove an account, may be admissible into evidence as an exception to the hearsay rule and as a substitute for testimony based upon firsthand knowledge.

Obviously, the fact that properly maintained and proved business records are admissible does not preclude the admission into evidence of testimony predicated upon first-

hand knowledge to prove the facts which the business records may be offered as evidence to prove.

In an action on an account, the word "account" has reference to the type of relationship between the parties and not to a particular book or record. As stated above, an action on an account is founded upon contract. When placed in issue by the answer, the plaintiff is required to prove all the necessary elements of a contract action, and, in addition, to prove that the contract involves a transaction or transactions that usually form the subject of a book account. No evidence, otherwise competent, is rendered inadmissible because the action is on an account.

In Ohio, actions on an account are not limited to book accounts. Were actions on accounts limited to book accounts, the existence of a written record kept in the ordinary course of business would be an essential requisite. Since an action on an account is not so limited, the existence of such a written record is not a requisite, nor is it required that some written record be introduced into evidence in order to prove the existence of an account.

While the absence of the introduction into evidence of any written record maintained in the ordinary course of business may have a bearing upon the weight to be given to oral testimony offered to establish the existence of the account, such oral testimony is not thereby rendered inadmissible.

Defendant contends that plaintiff should have brought an action founded in contract or *quantum meruit*. However, as we have indicated above, an action on an account is one founded in contract or *quantum meruit*. The provision for short form pleadings in an action on an account is merely a procedural device to shorten the pleadings permitting inferences of averments surrounding the contractual relationship, which otherwise would have to be pleaded.

Modern pleading rules make resort to short form pleadings less necessary than was true when originally created as a substitute for lengthy common law pleading. The new rules of civil procedure permit a briefer pleading in all actions. (See forms 3-7 of the appendix of forms

of the civil rules.) However, Civil Rule 10(D) does require that a copy of the account be attached to the pleadings, or the reason for the omission stated, if a claim or defense is founded on an account.

We, therefore, conclude that the trial court erred in refusing to permit plaintiff to offer oral testimony to prove its action on an account. The second assignment of error is well taken.

By its third assignment of error, plaintiff contends that the judgment of the trial court is against the manifest weight of the evidence. An examination of the record indicates that the judgment of the trial court was not against the manifest weight of the evidence which was permitted to be introduced. Therefore, the third assignment of error is not well taken.

For the foregoing reasons, the first and third assignments of error are overruled and the second assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

HOLMES and REILLY, JJ., concur.