Plaintiff-appellee, the Ohio State University Veterinary Teaching Hospital, brought this action in the Franklin County Municipal Court against defendant-appellant, Laura M. Meredith, alleging that $860.71 was due and owing to appellee from appellant. The trial court awarded judgment for appellee in the sum of $676.63, plus interest and costs. Appellant appeals the judgment of the trial court and presents the following assignment of error:
"The Court ruled in favor of the Plaintiff."
Appellant's dog was treated at the veterinary hospital in July 1985. Appellant's dog had renal failure and was admitted to the veterinary hospital for dialysis before appellant's veterinarian performed a kidney transplant. Appellant testified that she paid a $100 deposit when her dog was admitted and paid the bill in full when her dog was discharged. Appellant lived at the Gahanna address shown on appellee's billing statement, Exhibit A, until early 1986, and denied ever receiving a bill from appellee while she lived at that address. Appellant testified that she has never actually received a bill from appellee and that she first learned of the alleged outstanding bill when she received a letter from appellee's attorney near the end of 1997. Appellant has no copies of checks or account information from 1985. In an attempt to get the cancelled check, appellant called the credit union where she had an account in 1985, and was told she needed the account number and she no longer has that number.
In support of its claim, appellee introduced Exhibit A; a three-page exhibit labeled A1, A2 and A3; and Exhibit B. Exhibit A1 is a patient bill showing a balance forward of $676.63. Exhibit A2-3 is a two-page microfiche copy of appellant's statement that sets forth the actual activity on appellant's account and reflects a balance of $676.63. Exhibit A2-3 is not the original invoice, but is based on information available in the computer. Appellee converted to a new computer system in 1990 and brought outstanding balances forward at that time. Exhibit B contains the medical records of appellant's dog.
Two senior accountants with appellee, Sue Ann Bump and Virginia Wilson, testified for appellee. Neither accountant had personal knowledge of appellant, her dog's treatment, or her account's history. Based on Exhibit A, Ms. Bump testified that appellant's dog was discharged on July 26 or 28, 1985, and the only payment appellant paid on the account was $100 on July 28, 1985. Ms. Bump was not with appellee in 1985, and does not know what their payment policy was at that time. Both accountants testified that, in the normal course of business, when an animal is discharged with an outstanding balance, the bill would go out in the next thirty days.
Ms. Wilson was at the veterinary hospital in 1985, and did not have the 1985 credit policy but testified that, to the best of her recollection, half of the estimate was to be paid on discharge, the balance to be billed. Ms. Wilson confirmed that Exhibit A has no date indicating when the statement was originally sent. Ms. Wilson testified that she had a telephone conversation with appellant:
 "From what I can recollect, she was concerned about the fact that she was getting a bill, and that it had — supposedly should have been covered under — like, because it was a possible donor for a kidney transplant, it should have been assumed by the hospital as a teaching case or some rare incident." (Tr. 20.)
Ms. Wilson further testified that a notation on Exhibit A2 indicates appellant's address in Gahanna was a bad address as of October 23, 1985. The original invoices were destroyed and the date on Exhibit A2-3 is October 26, 1993.
The trial court noted that the passage of time had reduced the parties' ability to determine whether or not payment had been made, and stated "[w]e all know from popular lore that policies are sometimes made to be broken," and proceeded to find upon a preponderance of the evidence that appellee was entitled to judgment against appellant for $676.63. (Tr. 36.)
On appeal, appellant asserts that the trial court's judgment is against the manifest weight of the evidence. If the trial court's judgment is supported by some competent, credible evidence going to all essential elements of the case, it will not be reversed on appeal as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus.
Exhibit B includes a document generated when a patient is admitted to the hospital and is to be signed by the owner. Significant to the present appeal is the following language: "The owner agrees to pay for all charges incurred by the animal at the time of release."[1] In support of her claim that she paid her bill in full, appellant testified that her dog was released and there is no evidence in the record that the original agreement was altered.
Exhibit A is appellee's sole evidence in support of its claim that appellant did not pay her bill. The microfiche copy of the statement dated eight years after appellant's dog was taken to the veterinary hospital, contains unexplained errors, including a cost estimate of $0, appellee's witnesses testified that the estimate was $500, and no date indicating when the statement was originally sent. The exhibit indicates the address is a bad address but appellant testified she was living there. Exhibit A3 includes a $48 hospitalization charge and a ward service fee of $24 alleged to have been incurred July 28, but was not posted until September 10. In response to a question from appellant's counsel as to these charges, the witness responded, "I can't explain them, but I see them." (Tr. 22.)
The trial court apparently based its decision on Exhibit A and appellant's failure to provide a cancelled check or other documentary proof of payment.
An action on an account is founded in contract. AmericanSecurity Service v. Baumann (1972), 32 Ohio App.2d 237, 242. A plaintiff must prove the necessary elements of a contract action and that the contract involves a transaction that usually forms the subject of a book account. Id. at 245. A written contract may only be modified by a distinct and substantive contract between the parties. Citizens Fed. Bank,F.S.B. v. Brickler (1996), 114 Ohio App.3d 401, 408. Payment is an affirmative defense and must be proved by the defendant.Wolf Automotive v. Rally Auto Parts, Inc. (1994), 95 Ohio App.3d 130.
Without evidence that a supplemental agreement was made, a court cannot rely on "popular lore" to conclude that parties to a contract ignored the terms of their agreement. Appellant's testimony was that she signed a contract with appellee that required payment in full upon release of the animal. The language of that contract was introduced in evidence. Appellant's further unrebutted testimony was that she paid the full amount due which is corroborated by the fact her dog was released to her. Thus, under the circumstances of this case, we find appellant met her burden of proving the affirmative defense of payment. Standing alone, Exhibit A is not competent, credible evidence that appellant did not pay her bill before her dog was released. Therefore, the record does not support the trial court's finding.
For the above reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed.
Judgment reversed.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although Exhibit B was introduced at trial, it was not made a part of the record on appeal. The parties do not dispute, however, that the quoted language was part of the contract.