OPINION
This matter is before the court upon the trial court's grant of summary judgment on behalf of Appellee Stults 
Associates, Inc. ("Stults") against Appellants John Neidhart and David Neidhart. The following facts give rise to this appeal. On December 15, 1997, Appellee Stults filed two separate actions. One action concerned a parcel of property commonly known as Heritage Farms. The second action concerned a parcel of property known as The Lakes. Both parcels are located in Marion County. The two causes of action involve appellant's breach of contracts, with appellee, for professional surveying and/or engineering services with respect to the parcels named above. Appellee Stults alleges in its complaint that appellants failed to pay for these services pursuant to the terms of written contracts entered into by the parties. Pursuant to the contracts, appellants agreed to pay appellee $6,500 for The Lakes master plan and $3,800 for conceptual design services on the Heritage Farms project. Appellants claim appellee misrepresented that Jack Norris was going to work on the plans when in fact he did not. The complaints assert causes of action on an account, breach of contract and unjust enrichment. Appellee also claims it is entitled to attorney fees pursuant to a clause contained in the contracts. On February 2, 1998, appellant filed an answer and counterclaim. The counterclaim contained two counts: breach of contract and misrepresentation. On April 2, 1998, appellee filed an amended complaint amending the prayer for damages. On September 30, 1998, appellee filed a motion for summary judgment. The magistrate issued a decision on October 22, 1998, granting appellee's motion for summary judgment as it pertained to the three counts set forth in appellee's complaint. The magistrate also granted summary judgment on behalf of appellee as to appellants' two causes of action contained in their counterclaim. Appellants filed objections to the magistrate's decision on November 5, 1998. The trial court overruled the objections on December 15, 1998, and adopted the magistrate's decision. On January 19, 1999, the magistrate conducted a hearing in order to determine the amount of attorney fees to award. The magistrate ordered attorney fees in the amount of $9,954.50 on February 2, 1999. Appellants did not object to the award. The trial court adopted the magistrate's decision, in its entirety, on March 10, 1999. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 I THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM FOR BREACH OF THE JULY 15, 1996 CONTRACT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING THE WORK WHICH WAS PERFORMED OR SUPPOSED TO BE PERFORMED BY APPELLEE REGARDING THE LAKES.
 II THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM FOR BREACH OF THE JULY 30, 1996 CONTRACT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING THE SERVICES TO BE PERFORMED OR SUPPOSED TO BE PERFORMED BY APPELLEE REGARDING HERITAGE FARMS.
 III THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE CAUSES OF ACTION "ON ACCOUNT" AND ON BREACH OF THE JULY 15, 1996 CONTRACT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTS (SIC) REGARDING THE WORK PERFORMED OR SUPPOSED TO BE PERFORMED BY APPELLEE ON THE LAKES.
 IV THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE CAUSE OF ACTION "ON ACCOUNT" AND ON BREACH OF THE JULY 30, 1996 CONTRACT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING THE WORK WHICH WAS PERFORMED OR SUPPOSED TO BE PERFORMED BY APPELLEE REGARDING HERITAGE FARMS.
 V THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN IT FOUND THE STATEMENTS IN APPELLANT'S (SIC) AFFIDAVIT ABOUT THE NUMEROUS PROBLEMS WITH THE WORK ON THE LAKES AND HERITAGE FARMS WERE "CONCLUSORY."
 VI THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM WHEN GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING APPELLEE'S MISREPRESENTATIONS.
 VII THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COUNTERCLAIM FOR BREACH OF CONTRACT REGARDING THE LAKES AND HERITAGE FARMS WHEN IT RULED APPELLANTS WERE CONTRACTUALLY AND STATUTORILY BARRED FROM BRINGING ITS (SIC) ACTION BECAUSE IT HAD OBTAINED NO INDEPENDENT EVALUATION.
 VIII THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT REGARDING THE CAUSES OF ACTION "ON ACCOUNT" AND ON BREACH OF CONTRACT REGARDING THE LAKES AND HERITAGE FARMS WHEN THE COURT WEIGHED THE CREDIBILITY OF THE STATEMENTS IN THE PARTIES' AFFIDAVITS.
 IX ALTERNATIVELY, THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT REGARDING THE CAUSES OF ACTION "ON ACCOUNT" AND ON BREACH OF THE CONTRACTS FOR THE LAKES AND HERITAGE FARMS WHEN THE COURT IGNORED APPELLANTS' AFFIDAVITS.
 X THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' CAUSE OF ACTION FOR MISREPRESENTATION WHEN IT ANALYZED THIS ISSUE BY APPLYING THE OHIO RULES OF EVIDENCE APPLICABLE TO HEARSAY.
 XI THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' CAUSE OF ACTION FOR MISREPRESENTATION BY APPLYING THE PAROL EVIDENCE RULE.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' assignments of error.
 I, II, III, IV, V
Appellants maintain in Assignments of Error One, Two, Three and Four that the trial court erred in dismissing their counterclaims and granting appellee's motion for summary judgment because genuine issues of material fact exist concerning the work performed by appellees or the work that should have been performed by appellees on The Lakes and Heritage Farms projects. In their Fifth Assignment of Error, appellants contend the trial court erred when it concluded the statements contained in John Neidhart's affidavit were conclusory. We disagree. In Monotube Pile Corporation v. Union Metal Corporation (1998), Stark App. No. 1997CA00185, unreported, we stated: It is well settled principle of contract law that the parties' intentions be ascertained from the contractual language. If a contract is clear and unambiguous, `then its interpretation is a matter of law and there is no issue of fact to be determined.' (Citation omitted.) A court cannot in effect create a new contract `by finding an intent not expressed in the clear language employed by the parties.' (Citation omitted.) Id. at 3. An action on account is founded in contract. American Sec. Service v. Baumann (1972), 32 Ohio App.2d 237, 242. A plaintiff must prove the necessary elements of a contract action and that the contract involves a transaction that usually forms the subject of a book account. Id. at 245. Payment is an affirmative defense and must be proved by the defendant. Wolf Automotive v. Rally Auto Parts, Inc. (1994),95 Ohio App.3d 130, 135. In the case sub judice, the trial court concluded appellee established its account claims and granted summary judgment on its behalf. Appellants argue, in support of their first four assignments of error, that appellee breached the two contracts and therefore, were not entitled to payment for its services. First, appellants contend appellee's failure to have Jack Norris work on the projects was a breach of contract. We have reviewed the language of the contracts and note that neither contract contains any language indicating Jack Norris was to perform any work on these plans. Rather, the contracts indicate the firm of Stults Associates, Inc. was to provide the requested services not any particular individual employed by the firm. Further, the contracts contain an integration clause in paragraph 3 which provides:
This agreement contains the entire agreement between client and consultant relating to the project and provision of services to the project. Any prior agreements, promises, negotiations or representations that may conflict and are not expressly set forth in this agreement are of no force or effect. Subsequent modifications to this agreement shall be in writing and signed by both client and consultant. * * *
The integration clause clearly indicates the complete understanding of the parties is contained in the two contracts and any evidence, discussion or representation regarding John Norris' involvement on either project is improper and impermissible. The trial court also found the parol evidence rule applicable to the two contracts at issue. We explained the application of the parol evidence rule in Developers Diversified Realty Corp. v. Cicchini (1996), Stark App. No. 1996CA00007, unreported, at 4: The parol evidence rule prohibits the admission of testimony regarding prior or contemporaneous oral agreements which contradict or vary the terms of written agreements. However, introduction of contemporaneous oral representations is permitted when fraud is alleged.
* * * It is clear that an unambiguous contract cannot be explained by parole (sic) evidence. Thus, where the words of any written instrument are free from ambiguity in themselves, and where external circumstances do not create any doubt or difficulty as to the proper application of those words to claimants under the instrument, or as to the subject matter to which the instrument relates, such instrument is always to be construed according to the strict, plain, common meaning of the words themselves * * *. (Citation omitted.)
Pursuant to the valid integration clauses and the parol evidence rule, we find the trial court properly concluded a genuine issue of material fact does not exist because the language of the contracts clearly indicate that appellants hired the firm of Stults Associates, Inc. and not Jack Norris individually to develop the plans for The Lakes and Heritage Farms. Appellants next argue that appellee breached the contracts by failing to obtain government approvals. However, our review of the contracts indicate no language is contained in either contract that indicates appellee agreed to obtain government approvals as part of the concept plans. Instead, both contracts contain language, in paragraphs 8, that "[c]onsultant shall only act as an advisor in all governmental relations." The language does not indicate appellee is solely responsible for obtaining governmental approvals. Further, both Glenn Halmbacher and David Elder stated, in their affidavits, that completion of concept plans do not require the obtaining of governmental approvals. Affid. Halmbacher at paragraph 5; Affid. Eder at paragraph 6. We would also note that both contracts contain language that specifically exclude certain government issues. The Heritage Farms contract expressly excluded re-zoning issues. The Lakes contract expressly excluded zoning, annexation and applications. Based on this language contained in the contracts, we find that a genuine issue of material fact does not exist concerning whether appellee breached the contracts by failing to obtain governmental approvals. Appellants next argue that issues of material fact exist because the concept plans were unusable and unbuildable. In this argument, appellants raise a negligence issue but fail to present any expert testimony concerning the standard of care in the development of the concept plans. The concept plans developed by appellee corresponded to the plans envisioned in the contracts. The Heritage Farms concept plan included the required carousel and museum, retail shops, hotel, miniature golf, water feature, parking, pathways, outlets and any area to encompass other needs. The concept plan for The Lakes included the office and condominium complexes and residential units. Further, appellants presented no evidence to support their argument that the concept plans are unbuildable. Appellants merely allege the plans are unbuildable because of the location of a road, the placement of sewer lines, insufficient dirt due to bedrock and failure to obtain government approvals. Without evidence to support these allegations, we find appellants failed to meet their burden. Accordingly, we do not find a genuine issue of material fact exists concerning whether the concept plans are unusable and unbuildable. Finally, under these assignments of error, appellants attempt to create an issue of material fact by comparing the magistrate's ruling on a motion in limine to a statement in his decision granting appellee's motion for summary judgment. In the motion in limine, appellee requested an order precluding testimony, by appellants or anyone on their behalf, regarding appellee's lack of obtaining governmental approval and the participation of John Norris. The magistrate overruled the motion in limine finding the issue at trial would be whether or not appellee complied with paragraph 8 regarding its advisory duty in all governmental relations. Judgment Entry, Oct. 13, 1998, at 2. Approximately two weeks later, the magistrate issued a decision granting summary judgment on behalf of appellee finding no genuine issue of material fact exists concerning this paragraph. We find the trial court properly concluded that the two pleadings serve distinct purposes and one is not precedent for the other. Judgment Entry, Dec. 15, 1998, at 6. The two separate rulings do not create an issue of material fact. In their Fifth Assignment of Error, appellants contend the trial court erred in granting summary judgment when it found the statements in John Neidhart's affidavit about numerous problems with the work on The Lakes and Heritage Farms were "conclusory." We disagree. John Neidhart's affidavit contains numerous allegations in support of appellants' argument that the concept plans were unusable and unbuildable. As noted above, appellants did not present any expert testimony to support these allegations. Mere conclusory statements in an affidavit are not sufficient to raise an issue of fact; instead, the affidavit must indicate the operative facts upon which the conclusion is based. Hollowell v. Society Bank 
Trust (1992), 78 Ohio App.3d 574, 581. Based on our review of John Neidhart's affidavit, we find the trial court did not err when it determined the statements regarding the problems with The Lakes and Heritage Farms were conclusory. Appellants' First, Second, Third, Fourth and Fifth Assignments of Error are overruled.
 VI
In their Sixth Assignment of Error, appellants contend the trial court erred when it dismissed their counterclaim when genuine issues of material fact exist regarding appellee's misrepresentations. We disagree. In support of this assignment of error, appellants contend the first contract entered into on July 15, 1996, was on Stults Associates, Inc. letterhead from the Marion Branch Office. It was signed by Jack Norris and Glenn Halmbacher. Appellants argue that based on the signatures, they believed Jack Norris would be working on the projects. Therefore, they were not on notice when they entered into the July 30, 1996 contract that Jack Norris would not be working on the projects. They maintain that only after they signed both contracts did they learn that Jack Norris was not working on either project. The requirement that Jack Norris work on these projects was not made a term of the contracts. Appellants now seek to introduce evidence that is properly excluded under the parol evidence rule and the integration clause contained in both contracts. We conclude genuine issues of material fact do not exist concerning appellee's misrepresentations as the evidence in support of the misrepresentation claim cannot be considered. Appellants' Sixth Assignment of Error is overruled.
 VII
In their Seventh Assignment of Error, appellants contend the trial court erred when it granted appellee's motion for summary judgment regarding the causes of action on account and on breach of contract for The Lakes and Heritage Farms when the trial court ruled the appellants were contractually and statutorily barred from bringing its breach of contract action because it had obtained no independent evaluation. We disagree. Paragraph 28 in each of the contracts contain the following language regarding a claim for professional negligence: Neither the client or any of the Clients contractors, or subcontractors, or subcontractors (sic) shall make any claim for professional negligence against the Design Professional unless the Client has first provided the Design Professional with a written certification executed by independent design professional currently practicing the same discipline as the Design Professional and licensed in the State of Ohio. This certification shall: a) identify the name and license number of the certifier; b) specify each and any act or omission that the certifier contends is a violation of the standard of care expected of a Design Professional performing professional services under similar circumstances; and c) state in complete detail the basis of the certifier's opinion that each act or omissions constitutes such a violation: This certificate shall be provided to the DESIGN PROFESSIONAL not less than thirty (30) calendar days prior to the presentation of any claim or institution of any arbitration or judicial proceeding.
Appellants maintain that they did not assert a claim of professional negligence and therefore, this requirement of the contracts is inapplicable. Although appellants did not claim professional negligence, in their complaints, we find the magistrate properly concluded that appellants are challenging the quality of the work performed by appellee. Appellants argue that due to the nature and quality of the concept plans for The Lakes and Heritage Farms, the plans are unusable and unbuildable and appellee breached the contracts. Although appellants assert contract claims, it is clear the breach of contract claims are based on a negligence argument. Because appellants' breach of contract claims are based on a negligence argument, the trial court did not err in concluding appellants failed to comply with paragraph 28 of the two contracts. Even if we found paragraph 28 inapplicable, as noted previously in this opinion, it was incumbent on appellants to present expert testimony to support their claims. Appellants' Seventh Assignment of Error is overruled.
 VIII, IX
In their Eighth and Ninth Assignments of Error, appellants contend the trial court erred when it granted summary judgment on behalf of appellee because the trial court improperly weighed the credibility of the statements in appellee's affidavits and ignored appellants' affidavits. We disagree. Appellants correctly point out in their brief that it is not a matter of credibility but of sufficient evidence that a trial court must determine when considering summary judgment. Under Civ.R. 56(C), we find appellee, through the affidavits of Halmbacher, Elder and Crowder, did set forth some evidence which demonstrates appellee can support its claims on account and breach of contract and appellants cannot support its counterclaims. The burden then shifted to appellants to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Appellants failed to do this as the affidavit of John Neidhart contains only conclusory statements in support of their contention that the concept plans are unusable or unbuildable. We conclude appellants failed to meet their burden under Civ.R. 56 Further, the record does not support appellants' argument that the trial court ignored appellants' affidavits. Rather, the record indicates the magistrate did consider the affidavits but found them to be conclusory. Appellants' Eighth and Ninth Assignments of Error are overruled.
 X, XI
In their Tenth and Eleventh Assignments of Error, appellants maintain the trial court erred when it dismissed their cause of action for misrepresentation when it applied the Ohio Rules of Evidence and the parol evidence rule. We disagree. Civ.R. 56(E) states, in pertinent part, that: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * *" In the case of Tomlinson v. City of Cincinnati (1983),4 Ohio St.3d 66, paragraph one of the syllabus, the Ohio Supreme Court held that: "[w]here an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements set forth in Civ.R. 56(E) and Evid.R. 701." Based on the Tomlinson case, the trial court properly applied the Ohio Rules of Evidence in excluding statements of John Neidhart that constituted hearsay. In their final assignment of error, appellants contend the trial court improperly applied the parol evidence rule and integration clause to their claim for misrepresentation. We have previously discussed the applicability of the parol evidence rule and integration clause and determined the trial court correctly applied both to the case sub judice. Appellant's Tenth and Eleventh Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.