[Cite as *Mercer Health v. Welling*, 2014-Ohio-5626.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY


MERCER HEALTH,

    PLAINTIFF-APPELLEE,               CASE NO.  10-14-05

    v.

JAMES A. WELLING,                   O P I N I ON

    DEFENDANT-APPELLANT.


Appeal from Celina Municipal Court
Trial Court No. 13CVF00783

Judgment Affirmed

Date of Decision:   December 22, 2014


APPEARANCES:

    *James A. Welling,* **Appellant**

    *Jeffery G. Williams*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, James A. Welling ("Welling"), appeals the April 15, 2014 judgment of the Celina Municipal Court granting the motion for summary judgment filed by plaintiff-appellee, Mercer Health. As a result of the trial court's decision, Mercer Health received a judgment against Welling in the amount of $8,228.18 plus interest for medical services provided to Welling.

{¶2} On November 12, 2013, Mercer Health filed a "complaint for money on account for $8,228.18," in which Mercer Health alleged that Welling was indebted to it on an account for medical services rendered. Mercer Health attached a copy of a two-page itemized bill reflecting the cost of the services performed as the result of Welling's visit to Mercer County Community Hospital on August 4, 2012. Mercer Health also filed the affidavit of Stacy L. Litsey, an agent for Mercer Health, verifying the existence of Welling's account for necessary medical services provided on August 4, 2012.

{¶3} The record reflects that on November 12, 2013, proof of service of the complaint was filed with the trial court.

{¶4} On December 10, 2013, Welling, *pro se*, filed a "letter" notifying Mercer Health that he disputed the claim and requested further "validation" of the debt. (Doc. No. 7). It is notable that in this "letter" Welling did not dispute that

he received the medical services at Mercer County Community Hospital on August 4, 2012 as reflected in the itemized medical bill.

{¶5} On January 21, 2014, Welling filed a document entitled "Statement of Issues Presented by Affidavit." (Doc. No. 9). In this document, Welling requested, among other things, documents relating to Mercer Health's 2012 and 2013 tax records and information confirming that Mercer Health's attorney is authorized to practice law and explaining the nature of counsel's association with his client, Mercer Health.

{¶6} On January 23, 2014, Mercer Health filed a "Notice of Discovery" informing the trial court that it had submitted "Requests for Admissions and Interrogatories" to Welling. (Doc. No. 10).

{¶7} On February 28, 2014, Welling filed a "Request for Entry of Default," which was accompanied by a self-serving affidavit seeking a default judgment against Mercer Health for its failure to respond to his "letter" requesting "validation" of the debt filed December 10, 2013. (Doc. No. 11).

{¶8} On March 5, 2014, Mercer Health filed a "Motion to Compel" requesting the trial court issue an order compelling Welling's compliance with the discovery submitted to him on January 21, 2014.

{¶9} On March 17, 2014, the trial court held a hearing on Welling's "Request for Default" and Mercer Health's "Motion to Compel." The trial court

granted Mercer Health's "Motion to Compel" and ordered Welling to answer the submitted discovery. The trial court also overruled Welling's "Request for Default" finding no grounds supporting his request.

{¶10} On March 26, 2014, Welling filed "Objections on Judges Order," alleging the trial court erred in overruling his "Request for Default."

{¶11} On March 27, 2014, Welling filed his answers to Mercer Health's interrogatories. Again, Welling did not deny that he received medical services from Mercer Health on August 4, 2012 nor did he provide any relevant information regarding the action on an account claim filed by Mercer Health.

{¶12} On April 1, 2014, Mercer Health filed a motion for summary judgment, asserting that there was no genuine issue of material fact and claiming that it is entitled to summary judgment as a matter of law. In support of its motion, Mercer Health attached the affidavit of Kristine Siefring, the director and custodian of patient accounts for Mercer Health.

{¶13} On April 4, 2014, Welling filed an "Objection" to Mercer Health's motion for summary judgment. In his "Objection," Welling failed to make any argument asserting the existence of a genuine issue of material fact and failed to submit any relevant evidence demonstrating that summary judgment in Mercer Health's favor would not be appropriate.

{¶14} On April 15, 2014, the trial court granted Mercer Health's motion for summary judgment. Welling subsequently filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF-APPELLEE MERCER HEALTH (JEFFERY G. WILLIAMS).**

{¶15} In his sole assignment of error, Welling challenges the trial court's decision granting summary judgment in favor of Mercer Health.

{¶16} An appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); see *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995–Ohio–286, paragraph three of the syllabus.

{¶17} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112,

syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

{¶18} On appeal, Welling claims that the trial court's decision granting summary judgment in Mercer Health's favor was not supported by the evidence in the record. This lawsuit involves Mercer Health's claim against Welling for money due on an account. "An account is an 'unsettled claim or demand by one person against another, based upon a transaction creating a debtor and creditor relation[ship] between the parties.' " *Gray Printing Co. v. Blushing Brides, L.L.C.*, 10th Dist. No. 05AP–646, 2006-Ohio–1656, ¶ 21, *quoting Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist.1972). In order to establish a prima facie case for money owed on an account, a plaintiff must demonstrate:

> **[T]he existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.**

Case No. 10-14-05

*Dept. Stores Natl. Bank v. McGee*, 7th Dist. No. 12 MA 103, 2013–Ohio–894, ¶ 16.

{¶19} In the present case, a review of the evidence submitted by Mercer Health indicates that the billing statement attached to the complaint included Welling's name identified as "Patient" and "Guarantor," an itemized list of each charge and the nature of the medical services provided on August 4, 2012, and the total amount of the charges, $8,228.18. The billing statement reflects that no insurance carrier was involved in the transaction and that no payment was made on the account. Mercer Health also submitted, as part of its motion for summary judgment, the affidavit of the director and custodian of patient accounts for Mercer Health who verified the existence of the account; that the account reflected charges for necessary medical services received by Welling; that the charges for the medical services were usual and customary charges for the services rendered; and that there was an outstanding balance on the account of $8,228.18, which remained due and owing.

{¶20} The only evidence Welling submitted during the course of the case were his responses to Mercer Health's "Requests for Admissions and Interrogatories," in which he provided the following answers:

> **Interrogatory #1: What is your full name, address, social security number, date of birth, and current place of employment and position of employment?**

**Answer: (1) What name do you want, the name my friends call me, or the name my foes call me? Please make a Declaratory Judgment; (2) Wherever I am at any time is where I live as I live within my skin wherever I happen to be at that time; (3) 866-964-1723;[1] (4) I can not swear to nothing as I was incompetent at that time and did not know anything; and (5) I am a Private Contractor, not an EMPLOYEE.**

**Interrogatory #2: Why do you feel that you are not liable for the necessary medical services provided to you by Mercer Health as stated in the attached exhibit to Plaintiff's Complaint?**

**Answer: I James Anthony; Welling[2] deny all Exhibits that are not certified or a signed copy or it is inadmissible for evidence under Rule 803(6) and 901(B)(10), under Rules of Evidence of the Ohio Supreme Court.**

**Interrogatory #3: What was the reason medical services were provided you [sic] on August 4, 2012 by Mercer Health as stated in the attached exhibit to Plaintiff's Complaint?**

**Answer: I James Anthony; Welling deny all Exhibits that are not certified or a signed copy or it is inadmissible for evidence under Rule 803(6) and 901(B)(10), under Rules of Evidence of the Ohio Supreme Court.**

(Doc Nos. 13 and 19).

{¶21} Civil Rule 56(E) states, in pertinent part,

**When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.**

---

[1] This is the phone number for the Social Security Administration office.
[2] Welling signed all his documents James Anthony; Welling, Ohio National.

**{¶22}** The record demonstrates that, other than initially disputing Mercer Health's claim in his "letter," Welling did not set forth specific facts showing that there was a genuine issue for trial—specifically that he was not the person who received the medical services listed in the itemized bill on August 4, 2012, and that the amount on the account remained due and owing.[3] If the nonmoving party does not respond or identify specific facts to demonstrate a genuine issue of material fact, summary judgment is proper. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996–Ohio–107.

**{¶23}** Consequently, because Welling neglected to present *any* evidence to challenge Mercer Health's showing that he was responsible for the amount billed for the necessary medical services he received on August 4, 2012, he failed to meet his reciprocal burden under Civ.R. 56(E) and thus failed to demonstrate that any genuine issue of material fact existed to defeat summary judgment. Accordingly, the assignment of error is overruled and the summary judgment of the trial court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

---

[3] We also note that Welling made no claim regarding the "reasonableness" of the charges for the services stated in the medical bill attached to Mercer Health's compliant. Nevertheless, absent any evidence to the contrary, the itemized medical bill is prima-facie evidence of the reasonableness of the charges. *See* R.C. R.C. 2317.421; *see also*, *Riverside Methodist Hosp. v. Phillips*, 3rd Dist. Hardin No. 6-12-14, 2013-Ohio-423, ¶ 11.