**ARTHUR, d.b.a. Arthur Construction, Appellant,**

v.

**PARENTEAU, d.b.a. Parenteau Development, Appellee.**

[Cite as *Arthur v. Parenteau* (1995), 102 Ohio App.3d 302.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–94–54.

Decided March 31, 1995.

*David H. Birch,* for appellant.

*Schneider & Heinkel* and *R. Larry Schneider,* for appellee.

---

EVANS, Judge.

This is an appeal by the plaintiff-appellant, Steven J. Arthur, doing business as Arthur Construction, from a judgment of the Municipal Court of Marysville granting the defendant's motion to dismiss, made at the close of the appellant's case.

During the latter half of 1992, appellant was hired by defendant-appellee, Thomas E. Parenteau, doing business as Parenteau Development, to do some preliminary excavation work on several homes appellee was building. For the first job, appellant finished excavation of a basement which had been started by another contractor. At the completion of the excavation, appellant billed appellee in the amount of $500. This bill was promptly paid by appellee, who then hired appellant to do the other excavations.

On April 22, 1994, appellant filed a two-count complaint against appellee in the Marysville Municipal Court. The first count alleged that appellant "did excavation and construction work" for appellee, that appellee owes appellant $6,182.16 for the work done, and that, although requested to do so, appellee has failed to pay the balance owed. The second claim alleged that appellant had performed work for appellee pursuant to an oral contract, that demand for payment had been made, and that appellee had refused payment. Appellant requested that the court grant damages of $6,182.16. No documentation was attached to the complaint.

Appellee filed an answer denying the existence of the contract as specified by appellant. Appellee also filed a counterclaim for breach of contract against appellant, alleging that appellant had been paid for work done, and that appellant

had performed other work improperly, such that appellee was forced to have the work redone and thereby sustained damage in the amount of $1,000.

On October 17, 1994, a hearing was held on appellant's complaint and appellee's counterclaim. At the close of the appellant's case, appellee moved for a dismissal of appellant's complaint, asserting that appellant had introduced no evidence in support of his claims, aside from hearsay in the form of "invoices" which had been prepared "from memory," as conceded by appellant himself. Finding that no evidence had been offered by appellant as to the value of the services rendered such as would support appellant's claim for payment demanded, the trial court granted appellee's motion, and rendered judgment in appellee's favor. Appellee then dismissed his counterclaim.

Appellant asserts the following assignment of error in support of his appeal of the court's judgment:

"The trial court erred in granting Appellee's motion for judgment in favor of Appellee at the close of Appellant's case."

■ Although appellant argues otherwise, the trial court determined at the beginning of the October 17, 1994 hearing on appellant's complaint, and again at the close of appellant's case, that the complaint was one for enforcement of an oral contract rather than an action on an account. The court further found, after plaintiff had rested his case, that there was no evidence submitted upon which to determine the terms of the parties' contract, or even if there was such a contract.[1] The trial court then granted appellee's request to dismiss appellant's complaint and granted judgment in favor of appellee. Consequently, appellee dismissed his counterclaim against appellant.

■ An "action on an account" is "merely a pleading device used to consolidate several different claims one party has against another." *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 34, 440 N.E.2d 600, 603. Such action is "founded upon contract and thus a plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account." *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684, 687. We find this case analogous to *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373, wherein the court set forth the required elements of pleading and proving an account. It is elementary that in an action on an account, a plaintiff must set forth an actual copy of the recorded account. *Id.* at

---

1. We note that if appellant's complaint was intended to be an action on an account, the complaint could have been dismissed for the reason that appellant failed to attach a copy of the account to the complaint, as required by Civ.R. 10(D). See *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 34, 440 N.E.2d 600, 603.

125, 38 O.O.2d at 145, 223 N.E.2d at 374. The records must show "the name of the party charged" and must include the following:

"(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum);

"(2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and

"(3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." *Id.* at paragraph three of the syllabus.

As stated, *supra*, the account must be appended to the plaintiff's complaint. In the case before us, appellant's complaint was unaccompanied by records of any kind. In fact, the only documents appellant ever submitted for the court's consideration were purported copies of invoices he had sent to appellee, which the court found inadmissible at trial. As further noted by the *Brown* court, "[a] series of copies of invoices does not constitute [a copy of] an account," nor are they "admissible as evidence." *Id.* at 125, 38 O.O.2d at 145, 223 N.E.2d at 374. Therefore, we agree with the court's finding that no account was pled.

Appellant further argued that the court should have admitted the invoices he submitted as evidence of the parties' "account." However, such documents are not admissible as evidence of the parties' contract unless they fall within the business records exception to the hearsay rule. The business records exception provides that such documents are not admissible as business records unless they were "made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify [their] admission." R.C. 2317.40. The court determined that, pursuant to the appellant's own testimony, the invoices appellant prepared and sent to appellee were not reliable, since they were all prepared on the same day, and were based only upon appellant's own recollection due to his having "misplaced" the notes he had originally prepared at the time the work was done. Additionally, appellant's subcontractors, although they admitted they had been paid for the jobs, could not recall at trial either their time spent on the job, or the amounts they were paid. Furthermore, appellant failed even to introduce any evidence of fair market value for the services he performed for appellee. Therefore, the court simply had no evidence upon which to find that the parties had a contract, or, if they did, what the terms of the contract were. We further note that the trial judge made every effort to avoid granting the motion to dismiss the complaint, stating that, although he believed appellant had performed work for appellee, appellant had presented no evidence in support of his request for damages aside from the

invoices, which the court determined were evidence only in support of the claim that "bills were sent." The court even gave appellant a "second chance" to introduce additional evidence after he had rested his case. Again, however, appellant failed to meet his burden of proof.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.