OPINION
Appellants Eugene and Christine Roshong are appealing the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Columbia Mercy Medical Center ("Columbia"). The trial court determined that appellee was entitled to payment for medical services rendered on behalf of Appellant Eugene Roshong. The facts giving rise to this appeal are as follows.
On May 1, 1997, Appellant Eugene Roshong was taken to Columbia, by ambulance, as he could not talk and could barely breath. While in the emergency room with her husband, an employee of Columbia, approached Christine Roshong and asked her to sign an "Authorization Form". The employee informed Appellant Christine Roshong that she needed to sign the Authorization Form so her husband could receive treatment. However, at the time she signed the form, she did not realize that the document guaranteed payment of her husband's medical expenses.
Appellant Eugene Roshong left the hospital on July 4, 1996. Shortly after he returned home, he received a document from the hospital indicating that the amount owed for medical services rendered, by the hospital, was $106,402.29. Appellants received a subsequent document indicating the amount due was $106,302.29.
Appellants began making one hundred dollar payments, per month, to Columbia. However, Columbia filed a complaint against appellants on January 15, 1997, alleging Appellant Eugene Roshong was indebted to Columbia for services rendered and that Appellant Christine Roshong was indebted to Columbia, for the same amount, for necessary medical services rendered to her spouse.
On May 28, 1997, Columbia moved for summary judgment. The trial court granted Columbia's motion on August 19, 1997. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE PLAINTIFF ESTABLISHED AN ACCOUNT AND THE AMOUNT OF THAT ACCOUNT.
 II. THE TRIAL COURT ERRED IN HOLDING THAT CHRISTINE ROSHONG WAS LIABLE ON THE ACCOUNT AS A CONTRACT.
 III. THE TRIAL COURT ERRED BY SHIFTING THE BURDEN OF PROVING THE NECESSITY AND REASONABLENESS OF THE CHARGES FOR MEDICAL SERVICES TO THE DEFENDANTS.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
Appellants contend, in their first assignment of error, that the trial court erred when it determined that Columbia established an account and the amount due on the account. We disagree.
Civ.R. 10 (D) requires that a copy of the account must be attached to the complaint at the time of the filing of the complaint. Appellants maintain the exhibit attached to Columbia's complaint does not meet the requirements of an account. In order to establish an account, the records must show the name of the party charged and must include the following elements:
 (1) a beginning balance (zero or a sum that can qualify as an account stated, or some other provable sum);
 (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and
 (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due. Arthur v. Parenteau (1995), 102 Ohio App.3d 302, 305, citing Brown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, paragraph three of the syllabus.
Appellant argues that the exhibit attached to Columbia's complaint contains only the name of Eugene Roshong and not Christine Roshong's name. Therefore, appellants maintain Columbia has failed to state an account against Christine Roshong. Appellants also contend the exhibit does not list items that are dated, does not show credits and does not contain a summarization which permits the calculation of the amount claimed to be due.
Upon review of this document, we find Columbia's exhibit, attached to its complaint, meets the requirements of an account under the Arthur case. Appellant Euguene Roshong is named as the party charged for the services rendered by Columbia. We will discuss Appellant Christine Roshong's liability in the second assignment of error.
The beginning balance of the account was zero with an ending balance of $106,302.29. The exact nature of the services rendered to Appellant Eugene Roshong was blocked off the original account so as to protect appellant's privacy since this information became public after Columbia filed the lawsuit against appellants. However, appellants do not dispute that Columbia provided them with an eighty-nine page document containing a detailed itemization of the exact services provided to Appellant Eugene Roshong. Finally, the exhibit contains a running balance.
Based upon these facts, we find the exhibit attached to Columbia's complaint is an account with a balance owing of $106,302.29.
Appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend Appellant Christine Roshong is not liable on the account as a contract. We agree.
Specifically, appellants maintain Christine Roshong is not named in the account and therefore, is not liable, that Columbia has not alleged a breach of contract action against Appellant Christine Roshong and that reasonable minds could differ as to whether or not a contract existed between herself and Columbia.
The Arthur case requires the name of the party charged to appear on the account. The only name on the account was that of Appellant Euguene Roshong. Second, a review of the complaint, filed by Columbia, reveals that Columbia failed to allege a contract cause of action against Appellant Christine Roshong. Since appellee did not attach a copy of the Authorization Form to its complaint, as required by Civ.R. 10 (D), we must assume appellee did not seek recovery pursuant to this document. Further, the language contained in appellee's complaint supports this conclusion. Paragraph 4 of Columbia's complaint states as follows:
 4. The Defendant, Christine Roshong, is indebted to the Plaintiff in the amount of $106,402.29 for necessary medical services rendered the Defendants' spouse. A copy of the statements reflecting said balance are attached hereto and designated Exhibits `A-1' through `A-3'.
Finally, Appellant Christine Roshong maintains she signed the Authorization Form under extreme duress, due to her husband's condition, and believed her signature was necessary for her husband to receive treatment. Affidavit Christine Roshong at paragraph four. Appellant Christine Roshong further contends that she did not realize that by signing the Authorization Form, she was also guaranteeing payment. Id. Based upon these facts, we find a question of material fact exists as to whether Appellant Christine Roshong is liable on the account as a contract.
Appellants' second assignment of error is sustained.
 III
In their final assignment of error, appellants maintain the trial court erred by shifting to them the burden of proving the necessity and reasonableness of the charges for hospital and medical services rendered on behalf of Appellant Eugene Roshong. We disagree.
In support of their argument, appellants cite to the case ofWagner v. McDaniels (1984), 9 Ohio St.3d 184, paragraph one of the syllabus, wherein the Court stated:
 Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charge for medical and hospital services.
We find the eighty-nine page document appellants received listing the services rendered to Appellant Eugene Roshong is proof of the amount of the bill rendered and the nature of the services performed. Thus, Columbia established the necessity and reasonableness of the charges for medical and hospital services and the trial court did not unfairly shift the burden to appellants to establish that these services were not necessary or reasonable.
Appellants' third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part and reversed in part.
Wise, J., Farmer, P. J., and, Reader, J., concur.
In Columbia Mercy Medical Center v. Eugene P. Roshong, etal., Case No. 1997CA00332, this Court incorrectly stated the case was Affirmed in Part and Reversed in Part. The opinion and judgment should reflect that this matter is Affirmed in Part; Reversed in Part; and Remanded.
IT IS SO ORDERED.