Plaintiff-appellant Rainbow Advertising Sales Corp. appeals from the trial court order that granted defendant-appellee Cash Back Mortgage Corp.'s Civ.R. 12(B) motion to dismiss appellant's complaint.
Appellant argues the exhibit attached to the complaint shows appellee owed appellant money on an account; therefore, the trial court's order was improper. Appellant further argues that the trial court's order was improper on the basis that appellee's motion included evidence outside the pleadings. This court has reviewed the record and concludes appellant's initial argument has merit; accordingly, the trial court's order is reversed.
The record reflects appellant instituted its action against only appellee, located at "3645 Warrensville Center Road in Shaker Hts.," stating in its complaint that appellee was "obligated to [appellant] on an account for merchandise/services," that the amount due was $25,464.70 plus interest, that appellant had made due demand but that appellee had "failed to liquidate the balance," and that appellant's purpose in instituting the action was "to collect a debt."
Appellant attached to its complaint as "Exhibit A" what it alleged to be a copy of the account upon which appellee was liable. The account was headed "LK Advertising" with an address in Mayfield Heights, Ohio; under that name was the designation "Cash Back" with charges and occasional payments purporting to be from dates from September 1, 1995 through October 27, 1996.
Appellee responded to the complaint with a motion to dismiss pursuant to Civ.R. 12(B)(6). In its motion, appellee argued the exhibit attached to appellant's complaint demonstrated appellee was not liable for the monies due; rather, appellant's "customer, LK Advertising," was the entity liable on the account. Appellee argued that since it had not "entered into a contractual relationship" with appellant, appellant's complaint against it should be dismissed. Appellee attached to its motion only a copy of appellant's pleading.
Thereafter, appellant filed a brief in opposition to appellee's motion. Appellant presented therein the following "[i]troduction":
 Plaintiff, Rainbow Advertising Sales Corp., is an advertising company which sells advertisement for Sports Channel T.V. Station. Plaintiff regularly enters into contracts with both advertising agencies and with the advertisers directly. On February 21, 1995, Defendant, Cash Back Mortgage, agreed to air their commercial with the Plaintiff. See Exhibit "A." Plaintiff sells a majority of their available air time to an advertising agency, known as LK Advertising. Due to LK Advertising buying their air time in bulk, LK's clients are given a discount on ads placed with Plaintiff. On or about September 19, 1995, Plaintiff contacted Defendant to thank them for entering into another series of advertisements and to offer Plaintiff a discount on their air time
if they placed their ads through LK Advertising. See Exhibit "B." Defendant agreed to use LK Advertising as their agent and were (sic) given a discounted advertisement rate of
$35.00 instead of the customary rate of $75.00.
 This relationship continued until 1996 when Defendant failed to make payments on this account. Due to Defendant's failure to pay, Plaintiff was compelled to file suit on September 8, 1997.
(Emphasis added.)
Appellant argues that based upon these facts, appellee was liable for the monies due on a "theory of quantum meruit and unjust enrichment." Appellant further argued its "second theory of liability is based on (sic) agency." Appellant attached to its brief two "exhibits." One purported to be a letter to appellee's representative, and the other purported to be a memorandum from appellant's representative to appellee's representative; both concerned advertising "spots" for appellee on "Sports Channel."
The record reflects appellant, however, did not file an amended complaint pursuant to Civ.R. 15 (D).
Appellee requested leave from the trial court to file a reply brief to appellant's brief in opposition to its motion to dismiss. Appellee attached to this request the affidavit of its attorney, who stated, in essence, only that appellant's brief contained improper argument and citation. The trial court did not rule upon appellee's motion for leave.
Subsequently, the trial court granted appellee's motion to dismiss the complaint.
Appellant has filed a timely appeal from the foregoing order and presents one assignment of error for this court's review. Appellant's assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS THE CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
Appellant argues the trial court erred in dismissing its complaint pursuant to Civ.R. 12(B)(6), contending the trial court both failed to apply the correct standard of law and also considered improper "evidence" in making its decision. Appellant's initial contention is persuasive.
In order for a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling it to recovery from the defendant. O'Brien v.University Community Tenant's Union(1975), 42 Ohio St.2d 242. As a matter of law, the trial court must accept all the allegations of the complaint as true. Greeley v. Miami Valley MaintenanceContrs., Inc.(1990), 49 Ohio St.3d 228. The allegations must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned. Rogers v.Targot Telemarketing Services(1990), 70 Ohio App.3d 689. Plaintiff must set forth in its pleadings the necessary elements of its claim against the defendant. See, e.g., Zuber v. OhioDept. of Insurance(1986), 34 Ohio App.3d 42; Kordi v. Minot
(1987), 40 Ohio App.3d 1. Furthermore, when a claim is founded upon some written instrument and a copy of the instrument is attached to the complaint in accordance with Civ.R. 10 (D), the trial court must avoid interpreting such an instrument. Slife v.Kundtz Properties, Inc.(1974), 40 Ohio App.2d 179.
Although Civ.R. 10 (D) does not detail what the account attached to the pleading must contain, the court in Brown v.Columbus Stamping Mfg. Co.(1967), 9 Ohio App.2d 123 at 126 provided the following as a guideline:
 An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number of otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claim to be due.
(Emphasis added.) See, also, American Security Service v. Baumann
(1972), 32 Ohio App.2d 237; Climaco, Seminatore, Delligatti Hollenbaugh v. Carter(1995), 100 Ohio App.3d 313.
Moreover, with regard to actions on an account, the court inArthur v. Parenteau(1995), 102 Ohio App.3d 302, stated as follows:
 An "action on an account" is "merely a pleading device used to consolidate several different claims one party has against another." AMF, Inc. v. Mravec(1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 34. 440 N.E.2d 600, 603. Such action is "founded upon contract and thus a plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account." Gabriele v. Reagan(1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684, 687.
(Emphasis added.) See, also, Morehead v. Conley(1991), 75 Ohio App.3d 409.
In this case, appellant alleged in paragraph one of its complaint the money on the account was owed by appellee. The instrument it attached to the complaint, moreover, indicated appellee's name under the name of "L.K. Advertising." Thus, the exhibit attached to the pleading was unclear as to which entity was the actual customer on the account, i.e., the name of the party to be charged. The trial court was not free to interpret this instrument; therefore, it was required to give credence to appellant's allegation appellee owed appellant money. Although a necessary element in a contract action is proof that the contract is between the plaintiff and the defendant, the instrument did not show on its face "to a certainty [an] insuperable bar to relief as a matter of law." Slife v. Kundtz Properties, supra at headnote 2.
Appellant further contends that, prior to making its decision to dismiss the complaint, the trial court considered appellee's allegations it was not "in privity of contract" with appellant. However, there is a presumption that in dismissing a claim pursuant to Civ.R. 12(B)(6), the trial court did not rely on extraneous facts presented by the opposing party outside the pleadings. Thompson v. Cent. Ohio Cellular, Inc.(1994), 93 Ohio App.3d 530;Spalding v. Coulson(1995), 104 Ohio App.3d 62.
This presumption cannot be overcome in this case. Appellee presented no "evidence" in its motion to dismiss; rather, it was appellant that, without following the better procedure of filing an amended complaint to present its alternative theories of recovery from appellee, attempted to introduce in the trial court both "facts" and "exhibits" additional to the ones set forth in and attached to the original complaint.
Furthermore, since the trial court did not grant appellee's motion for leave to file a reply prior to ruling on appellee's motion to dismiss, it could not have considered the affidavit attached to that request. Finally, a review of the affidavit attached to appellee's reply brief reveals it contained no substantive matters.
In any event, construing the allegations of the complaint as true and considering appellant's instrument attached to its complaint, the trial court acted improperly in concluding appellant could prove no set of facts entitling it to relief from appellee. Therefore, the trial court erred in dismissing appellant's complaint pursuant to Civ.R. 12(B)(6). Slife v.Kundtz Properties, supra; cf., Arthur v. Parenteau, supra.
Accordingly, appellant's assignment of error is sustained.
The order of the trial court is reversed.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and ANN DYKE, J., CONCUR
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).