OPINION.
{¶ 1} In the midst of the current debate about responsibility for the high cost of medical care, the plaintiff-appellant, Mercy Franciscan Hospital, appeals from the municipal court's order granting Gary C. Willis's pro se "Motion to Set Aside Default Judgment" and vacating the hospital's judgment against him in the sum of $478.30 and court costs. The hospital contends, in its sole assignment of error, that the trial court did not apply the three-part test for granting a motion for relief from judgment under Civ.R. 60(B) required by GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Although Willis has not filed an appellate brief, the record does not demonstrate that the trial court abused its discretion.
 {¶ 2} On April 17, 2003, the hospital filed a complaint against Willis stating that "[d]efendant owes plaintiff $478.30 for professional medical services rendered." After certified mail service was returned unclaimed, the hospital obtained service on Willis by regular mail. He did not answer, and on June 20, 2003, the trial court entered a default judgment for the hospital. After service of an order of garnishment on his employer, Willis filed his pro se motion for relief from the default judgment on October 10, 2003. In the motion, he said, "I have always had full coverage insurance and do not know what this bill is for." (Emphasis added.) Despite the hospital's memorandum filed in opposition, the trial court vacated the hospital's default judgment and continued the case for a "status report."
 {¶ 3} In GTE, at paragraph two of the syllabus, the court held, "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 4} The hospital correctly argues that Willis did not state sufficient operative facts to identify grounds for relief under Civ.R. 60(B)(1) (the default judgment was the result of mistake, inadvertence, surprise or excusable neglect.) The trial court may, however, have relied on Civ.R. 60(B)(5), which allows the granting of relief to a party for "any other reason justifying relief from "judgment." Civ.R. 60(B)(5) is not a substitute for another more specific provision in Civ.R. 60(B), but if the grounds are substantial, it is available as a catch-all device as part of a court's inherent power to relieve a person from the unjust operation of a judgment. See Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraphs one and two of the syllabus; see, also, Sweeney v. Porter (Apr. 30, 1999), 1st Dist. No. C-980337.
 {¶ 5} In his motion, Willis denied knowledge of the hospital's bill. His claim was consistent with the fact that the hospital's short-form complaint on an account failed to attach a copy of the account as required by Civ.R. 10(D). The account must conform to certain formalities. It must "show the name of the party charged. It begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." Brown v. ColumbusStamping Mfg. Co. (1967), 9 Ohio App.2d 123, 126,223 N.E.2d 373; see, also, Arthur v. Parenteau (1995),102 Ohio App.3d 302, 304-305, 657 N.E.2d 284.
 {¶ 6} By failing to have attached a copy of Willis's account, the hospital's complaint was subject to a motion to dismiss for failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6). See Civ.R. 10(D); see, also, Arthur v.Parenteau, 102 Ohio App.3d at 304, 657 N.E.2d 284. While the record is silent concerning the trial court's reasons for granting relief, one can reasonably conclude from the omission of the account that the court had found that Willis had a meritorious defense predicated on a failure to state a claim under Ohio law. See Michael D. Tully Co., L.P.A. v. Dollney
(1987), 42 Ohio App.3d 138, 140-141, 537 N.E.2d 242. As the hospital did not attach the account to the complaint and Willis denied that he was indebted to the hospital, we cannot say that the trial court abused its discretion or injudiciously granted his timely filed "Motion to Set Aside Default Judgment" pursuant to Civ.R. 60(B)(5). See Carkido v. Hasler (1998),129 Ohio App.3d 539, 544-545, 718 N.E.2d 496.
 {¶ 7} It is well settled that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of an abuse of discretion. See Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} The hospital also argues that the trial court was required to conduct an evidentiary hearing and to take sworn testimony before it granted Willis's Civ.R. 60(B) motion. The rule, however, does not mention sworn testimony or a hearing, and the hospital did not request a hearing. The hospital's reliance on Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430,665 N.E.2d 1102, is misplaced. In Kay, the court held that because Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served, a trial court abuses its discretion in denying a hearing only "where grounds for relief from judgment are sufficiently alleged and supported with evidence which warrant relief from judgment." Id. at 19-20,665 N.E.2d 1102. The assignment of error is overruled.
 {¶ 9} The judgment of the trial court is affirmed.
Judgment affirmed.
Winkler, P.J., and Hildebrandt, J., concur.