JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Plaintiff-appellant, Cheick O. Coulibaly, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for relief from judgment under Civ. R. 60(B).
In 2002, Coulibaly filed an action for legal malpractice against defendant-appellee, Jeffrey Burd. Coulibaly alleged that Burd had been negligent in representing him in a criminal case. Specifically, he claimed that Burd had been negligent in failing to file a motion to suppress evidence that had been seized from his home.
The trial court granted summary judgment in favor of Burd on the negligence claim on July 10, 2003. Coulibaly appealed, but his appeal was dismissed because he had failed to file a brief. On January 28, 2004, Coulibaly filed a motion for relief from judgment under Civ. R. 60(B). The trial court denied that motion.
In a single assignment of error, Coulibaly argues that the trial court erred in denying his motion for relief from judgment without an evidentiary hearing.
To prevail on a motion under Civ. R. 60(B), the movant must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered.[1]
A trial court's decision concerning a Civ. R. 60(B) motion will not be reversed absent an abuse of discretion.[2]
In the case at bar, we find no abuse of discretion in the trial court's denial of the motion. We first note that Coulibaly failed to effectively pursue an appeal after the trial court had granted summary judgment in favor of Burd. A Civ. R. 60(B) motion may not be used as a substitute for an appeal.[3]
Moreover, even if the motion had been properly made, the trial court was correct in denying it. As we held in the appeal of Coulibaly's criminal case, Burd had not been deficient in failing to file a motion to suppress, because the items that had been seized from his residence were subject to the plain-view doctrine.[4] Therefore, Coulibaly could not present a meritorious claim if relief from judgment were granted, and the trial court did not abuse its discretion in denying the motion without a hearing. The assignment of error is overruled, and the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
[2] Mercy Franciscan Hosp. v. Willis, 1st Dist. No. C-030914,2004-Ohio-5058, at ¶ 7.
[3] Henderson v. Rolfert-Henderson (May 15, 1998), 1st Dist. No. C-970462.
[4] See State v. Coulibaly (Nov. 19, 2003), 1st Dist. No. C-010788, jurisdictional motion overruled, ___ Ohio St.3d ___, 2004-Ohio-7033,___ N.E.2d ___.