JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In a single assignment of error, defendant-appellant Kathy Keck challenges the weight of the evidence adduced to support the August 9, 2004, judgment of the Hamilton County Municipal Court entered in favor of plaintiff-appellee Randy Adams, d/b/a REA Electric, in the amount of $1,685. Adams had brought suit against Keck on an unpaid account representing charges for the installation of electric services at Keck's house. In a trial before the court, Adams presented evidence that the parties had entered into an oral contract that he would perform the electrical services for Keck's benefit, with her knowledge, and bill her as the work was performed.
An action on an account is "founded upon contract and thus a plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account." Gabriele v. Reagan (1988),57 Ohio App.3d 84, 87, 566 N.E.2d 684; see, also, Arthur v.Parenteau (1995), 102 Ohio App.3d 302, 304, 657 N.E.2d 284. In order to establish a prima facie case for money owed on an account, an account must show (1) the name of the party charged; (2) a balance preferably at zero, or with a sum recited that can qualify as an account stated, or other provable sum; (3) the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits. Summarization is necessary to show a running or developing balance or an arrangement permits the calculation of the balance claimed to be due. SeeBrown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, 126,223 N.E.2d 373; see, also, Mercy Franciscan Hosp. v. Willis, 1st Dist. No. C-030914, 2004-Ohio-5058, at ¶ 5. The account may be proved by the introduction of business records showing the existence of the account. See Wolf Automotive v. Rally Auto Parts, Inc. (1994), 95 Ohio App.3d 130,137, 641 N.E.2d 1195.
In this case the trial testimony and the account attached to Adams's amended complaint demonstrated that Keck, through her agent, directed Adams to perform electrical services and ultimately refused to pay for the work performed. The account identified Keck as the party charged and provided a running balance for each task performed. Moreover, each charge was specifically identified by date, description of the work performed, and price. The trial court's judgment was not against the manifest weights of the evidence, as it was supported by some competent, credible evidence going to each essential element of Adams's action on an account. See Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9,614 N.E.2d 742; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.