DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Toledo Municipal Court which entered judgment for appellee, Greenwood Rehabilitation, Inc. ("Greenwood"), following a trial. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On October 29, 2002, Greenwood filed a complaint for the balance due for physical rehabilitation services rendered in 1994 and 1995 to appellant, Debbie A. Thacker. Appellant answered and denied the allegations. The case proceeded to a bench trial on June 12, 2003. On June 25, 2003, the trial court entered judgment for Greenwood. Appellant filed a timely notice of appeal and sets forth the following three assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court erred in finding under EV.R. 803(6) that a woman hired as a billing specialist in 2003 was qualified to authenticate business records prepared and maintained in 1994-1995 as she could not be cross-examined about the procedures used in their preparation and maintenance.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court abused its discretion in admitting exhibits 1 through composite 6 into evidence under EV.R. 803(6) as the proponent of the evidence failed to establish an adequate foundation for their admission.
 {¶ 7} "Assignment of Error No. 3
 {¶ 8} "The trial court erred in finding that the business records as the sole `witness' to events in 1994 and 1998 could prove all the elements of the plaintiff's claim for medical services."
 {¶ 9} We will discuss appellant's first two assignments of error together as they are interrelated. In her first assignment of error, appellant argues that the trial court erred in finding a billing specialist who was hired in 2003 was qualified to authenticate business records prepared in 1994-95. In her second assignment of error, appellant argues that the trial court abused its discretion in admitting all six exhibits as there was no adequate foundation for their admission. This court finds no merit in these assignments of error.
 {¶ 10} Evid.R. 803 states in relevant part:
 {¶ 11} "The following are not excluded by the hearsay rule * * *:
 {¶ 12} "* * *
 {¶ 13} "(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 14} A trial court has broad discretion in admitting a business record into evidence pursuant to Evid.R. 803(6), and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion. WUPW TV-36 v. DirectResults Marketing, Inc. (1990), 70 Ohio App.3d 710, 714. An abuse of discretion is more than an error of judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Fockev. Focke (1992), 83 Ohio App.3d 552, 555. A trial court is deemed to abuse its discretion where it admits a business record when the party lays an inadequate foundation to establish its admissibility in accordance with Evid.R. 803(6). State v.Baker, 9th Dist. No. 21414, 2003 Ohio 4637, ¶ 9.
 {¶ 15} The Supreme Court of Ohio has held that the business record exception "is based on the assumption that the records, made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business, are accurate and trustworthy." Weis v. Weis
(1947), 147 Ohio St. 416, 425-426. When laying a foundation, "the testifying witness must possess a working knowledge of the specific record-keeping system that produced the document."State v. Davis (1991), 62 Ohio St.3d 326, 342. The witness whose testimony establishes the foundation for a business record need not have personal knowledge of the exact circumstances of preparation and production of the document. Evid. R. 803(6). However, a witness must demonstrate that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be and was made in the ordinary course of business. WUPW TV-36,70 Ohio App.3d at 716.
 {¶ 16} In this case, June Damm, a medical billing specialist with appellee, testified that a patient questionnaire was completed by appellant on the day of her initial treatment; the form indicated her injuries as well as appellant's responsibility for the charges. Damm also explained the treatment record which indicates all services rendered to appellant. Specifically, Damm explained that services were rendered from October 11, 1994 through March 8, 1995. She also explained the patient statement which described the amount due by appellant, $6,081.92 as of the day of trial. Damm testified that this type of record was kept in the ordinary operation of this business for all patients. Damm also identified a record of the prior payments made by appellant. On cross-examination, Damm stated that she has been employed by appellee only since February of 2003, although she has worked as a billing specialist with physical therapy for five years. On re-direct, Damm identified photocopies of checks written by appellant to appellee for services rendered.
 {¶ 17} This court concludes that Damm's knowledge was sufficient to demonstrate what the patient records were and that they were made in the ordinary course of business. Damm had knowledge of how the business records at issue were prepared, stored, and maintained. The trial court did not abuse its discretion in finding Damm qualified to authenticate the business records.
 {¶ 18} Under the business records exception to the hearsay rule, "`The witness providing the foundation need not have firsthand knowledge of the transaction. Rather, it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Evid. R. 803(6). * * *'" State v. Vrona (1988), 47 Ohio App.3d 145,148, quoting 1 Weissenberger's Ohio Evidence (1985) 75-76, Section 803.79.
 {¶ 19} Upon review of the testimony at trial and applying the abuse of discretion standard, this court finds that the trial court did not abuse its discretion in finding that a billing specialist hired in 2003 was qualified to authenticate business records prepared in 1994-95 and did not abuse its discretion in admitting the six exhibits.
 {¶ 20} Accordingly, appellant's first and second assignments of error are found not well-taken.
 {¶ 21} In her third assignment of error, appellant argues that the trial court erred in concluding that the business records could prove all elements of appellee's claim for services rendered. This court finds no merit in this assignment of error.
 {¶ 22} In Wagner v. McDaniels (1984), 9 Ohio St.3d 184, paragraph one of the syllabus, the Supreme Court of Ohio held:
 {¶ 23} "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services. (DeTunno v. Shull,166 Ohio St. 365 [2 O.O.2d 281], modified.)"
 {¶ 24} As noted supra, Damm identified the treatments appellant received, the payments made, and the account balance. Damm also identified checks paid to appellee by appellant for services rendered. Damm explained that the charges were based upon the usual and customary charges dictated by government standards and that the charges were accurate. Applying Wagner
to these facts, this court concludes that the trial court did not err in finding that the business records proved all elements of appellee's claim for services rendered.
 {¶ 25} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 26} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. andArlene Singer, J. Concur.