DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Ottawa County Municipal Court, adopting the decision of the magistrate and entering summary judgment for appellee on a breach of contract claim, in the amount of $3,424.46 plus interest and costs. Because we conclude that the trial court properly based its judgment on an affidavit that fell within the Ohio hearsay exception regarding business records of regularly conducted activity, we affirm.
 {¶ 2} On or about August 17, 1989, appellant, Fred Gray, III, and his wife, Christine Gray, agreed to purchase as tenants in common certain real property from appellee, Erie Islands Resort 
Marina. Upon entering this purchase agreement, appellant signed multiple documents stating that appellant understood and acknowledged all of the terms and conditions accompanying an ownership interest in real property within the Erie Islands Resort Marina. Included in these documents, is the appellant's obligation to pay annual maintenance fees and special assessment fees subject to change by the appellee. Jo Ann Franks, credit/collections manager for appellee, submitted an affidavit to the court with appellee's motion for summary judgment. Franks' affidavit stated that appellant fulfilled all payment obligations until 1997, when they became delinquent in payment of maintenance fees and special assessments. The alleged delinquency persisted through 2004, when appellee filed suit for breach of contract alleging over $3,000 in unpaid maintenance and special assessment fees. In accordance with the magistrate's decision and recommendation, the Ottawa County Municipal Court adopted the decision of the magistrate and entered judgment against appellant, in the amount of $3,424.46 plus interest and costs.
 {¶ 3} Appellant asserts that the trial court erred in granting summary judgment to appellee when, as a basis for granting summary judgment, the trial court used Franks' affidavit as evidence, subsequent to the denial of appellant's motion to strike the document. Specifically, appellant asserts that the affidavit fails to satisfy Evid.R. 803(6), regarding records of regularly conducted activity, because appellee failed to establish that the amounts reflecting the alleged delinquent maintenance and special assessment fees were obtained by Franks at or near the time of their occurrence.
 {¶ 4} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 5} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67. Civ.R. 56(C).
 {¶ 6} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304. Needham v. Provident Bank (1996),110 Ohio App.3d 817, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 7} Appellant asserts the trial court erred in basing its ruling for summary judgment upon Franks' affidavit because the affidavit is hearsay. Appellant contends that the affidavit fails to satisfy Evid.R. 803(6); American Sec. Services, Inc. v.Bauninn (1972), 32 Ohio App.2d 237. (A business transaction is required to be recorded at or near the time of its occurrence.) Appellant's argument rests on the assertion that Franks' affidavit is insufficient under Evid.R. 803(6) because it "fails to state when [Franks] allegedly obtained the numbers from John Gronvall, CEO of [appellee]".
 {¶ 8} Evid.R. 803(6) states:
 {¶ 9} "The following are not excluded by the hearsay rule * * *:
 {¶ 10} "* * *
{¶ 11} "(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 12} There is no doubt that the affidavit qualifies as a business record within the scope of Evid.R. 803(6). A simple list of outstanding balances owed to a business entity is indeed a "memorandum, report, record, or data compilation, in any form, of acts, events, or conditions". Evid.R. 803(6). Appellee properly cites to Greenwood Rehabilitation, Inc. v. Thacker, 6th Dist. No. 03-1213, 2004-Ohio-1643, as authority when challenging business records admitted into evidence under Evid.R. 803(6). InGreenwood, this court found that when a testifying witness is sufficiently familiar with the system of accounts purported to be accurate, "[t]he witness whose testimony establishes the foundation for a business record need not have personal knowledge of the exact circumstances of preparation and production of the document." Greenwood, at ¶ 15.
 {¶ 13} In the case at bar, the business record in question satisfies the requirements of a valid hearsay exception under both Evid.R. 803(6) and applicable Ohio case law. We find that Franks' affidavit is an accurate reflection of business records made at or near the time of occurrence, kept in the course of a regularly conducted business activity, given the proper foundation by a person with knowledge as to the regular practice of that business. During deposition, Franks testified that maintenance fees and special assessment fees in the affidavit were the product of printouts retrieved from appellee's computer system of accounts. It was the regular practice of appellee's CEO to determine/calculate the yearly fees charged to its clients, and then enter that amount into the computer system during the year in which the charge occurred. Though Franks had no personal knowledge of the exact circumstances of preparation and production of the print out, she was sufficiently familiar with this accounting practice, thus properly relied on printouts produced directly from the computer system when preparing the affidavit as appellee's Credit/Collections Manager.
 {¶ 14} Appellant's argument that these records were created by Franks solely in preparation for trial is unpersuasive. Appellant relies on Bauninn to illustrate that for business records to fall within a hearsay exception under Evid.R. 803(6), they must be made at or near the time of the act. Thus, Franks' affidavit would fall short of the hearsay exception, for failure to show when she received the amounts listed. However, the current case is distinguished from Bauninn. Here, the business record in question was made in reliance of appellee's computer system of accounts, which existed long before preparation for trial. Franks' affidavit differs from the business record inBauninn in that it was not a record created for the sole purpose of, and immediately prior to, trial, but rather an accurate reflection of appellee's accounting records kept throughout the ordinary course of business.
 {¶ 15} It is for these reasons we find Franks' affidavit a proper exception to the hearsay rule under Evid.R. 803(6). Furthermore, applying Greenwood, we hold that the trial court did not err in granting appellee's motion for summary judgment. Appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Ottawa County Municipal Court is affirmed. Appellants are ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.